Mauchly Associates and Zurich Insurance Company, Insurance Carrier, Appellants, *v.* Workmen's Compensation Appeal Board and Elaine Schoor, Appellees.

Argued July 30, 1974, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Charles S. Katz, Jr.,* with him *Richard D. Harburg* and *Swartz, Campbell & Detweiler,* for appellants.

*Marvin F. Galfand,* with him *Myrna W. Galfand, James N. Diefenderfer* and *Dragon, Verlin & Galfand,* for appellee.

OPINION BY JUDGE MENCER, September 26, 1974:

This is an appeal by Mauchly Associates and its insurance carrier, the Zurich Insurance Company (hereinafter referred to as Appellants) from the affirmance by the Workmen's Compensation Appeal Board (Board) of a referee's award of workmen's compensation benefits to Elaine Schoor.

The referee's award of benefits was based on his findings of fact to the effect that Mrs. Schoor had become totally disabled as a result of an accident which occurred during the course of her employment with Mauchly Associates.

Before considering the questions presented by this appeal, we must state our limited scope of review. In workmen's compensation cases in which the claimant has prevailed below, our review is limited to a determination of whether constitutional rights were violated,

an error of law was committed, or any necessary finding of fact was not supported by substantial evidence. *Regent Bottling Company v. Workmen's Compensation Appeal Board,* 10 Pa. Commonwealth Ct. 8, 309 A. 2d 265 (1973). As will be seen, this narrow scope of review controls the outcome of this appeal.

Appellants' first contention is that the referee's findings to the effect that Mrs. Schoor suffered a compensable accident which was causally connected to her injury are not supported by substantial evidence in the record. We do not agree.

The relevant findings of the referee on these points are as follows:

"1. Claimant, 42 years of age, on 4.14.69 was employed by defendant at an average weekly wage of $125. On 4.14.69 the mail boy was assigned another duty prior to picking up the mail. Consistent with her duties, claimant drove in a car owned by the company to Montgomeryville Post Office to pick up the mail. The mail consisted of two cartons containing magazines, letters, proposals, tapes and movies. One was two and a half by three feet deep and about two feet wide. The other was two by two feet square. The larger carton weighed approximately 50 pounds and the smaller one weighed about 35 pounds. Claimant placed the smaller carton on the floor in the front of the car without incident. However, while claimant was setting the larger carton on the front seat of the car the wind blew the door, which struck claimant in the back. She experienced a very sharp, strong pain and broke out into a sweat. With considerable effort claimant returned to her employment and finished the day's work. The mail was carried into the plant by the regular mail boy.

"2. On 4.15.69 claimant was experiencing pain in her back and after having gotten a cup of water from the cooler for the purpose of taking medication she

began to collapse. Fellow employees grabbed her, breaking her fall to the floor. She was carried into the ladies' room and later taken to the hospital.

. . . .

"7. The injury, although received on 4.14.69, in a dramatic way manifested itself on 4.15.69, and the general manager and personnel manager aforesaid failed to make themselves available for the purpose of receiving any further notice or information concerning claimant's accident and injury, which was manifested by their refusal to return her phone calls within a month's period after the accident.

. . . .

"13. As a result of the accident and the injury sustained therefrom claimant incurred the following medical expenses within one year of the date of the accident; Dr. Thomas Hamershock, $20; Abington Memorial Hospital, $47.50; Dr. David Blessing, $95; Dr. Samuel Santangelo, $27.50.

"14. Claimant was not able to work as a result of the accident aforesaid from 4.15.69; however, she has received compensation from defendant which would have paid her through 6-6-69. Claimant was totally disabled from 6.6.69."

Our careful review of the record reveals that all of these findings are supported by substantial evidence. The referee's finding of a compensable accident is supported by Mrs. Schoor's testimony. The finding of causation between the accident as found by the referee and Mrs. Schoor's injury is supported by the testimony of Dr. David C. Blessing, a chiropractic physician who treated Mrs. Schoor.

While it is true that the Appellants presented evidence which conflicted with the above testimony, the conflict was resolved by the referee in Mrs. Schoor's favor. Since we have often stated that the weight and credibility of the evidence, including medical evidence,

is for the referee, we must abide by his determination in the present case. *Mertz v. Mellon National Bank & Trust Co.,* 11 Pa. Commonwealth Ct. 541, 314 A. 2d 570 (1974). Although we might have decided the case differently had we been the fact finder, we may not reverse if there is competent testimony supporting the findings of the referee. We must consider all of the evidence in the light most favorable to the claimant who prevailed below and confine ourselves to a determination of whether a reasonable person acting reasonably might reach the same conclusion on the facts as did the referee. *Flexer v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 405, 317 A. 2d 53 (1974). Upon examining all the evidence in a light most favorable to Mrs. Schoor, we must conclude that the referee's resolution of the conflict of testimony in her favor was not unreasonable. We, therefore, affirm.

The Appellants' second argument is that the referee's award should be reversed because the referee erroneously admitted a certain exhibit into evidence. The exhibit in question was a form known as the Employer's Report of Industrial Injury, which is expressly prohibited from being used as evidence against an employer by Section 3 of the Act of July 19, 1913, P. L. 843, *as amended,* 43 P.S. §14.

Although the admission of this exhibit into evidence was error, we find that it was harmless error which in no way prejudiced the Appellants.[1] Our reading of the referee's findings reveals that they were not based on any evidence supplied by this exhibit. The admission of this exhibit, therefore, had no effect on the outcome of the case and was harmless error.

---

[1] Our finding that this error did not result in prejudice to Appellants makes unnecessary a discussion of whether this exhibit was in fact admissible for the limited purpose of showing notice which was the sole object of its admission in this case.

Appellants' final contention is that Mrs. Schoor's conduct subsequent to her injury disqualifies her from receiving compensation since it was tantamount to a refusal of medical care under Section 306(f) of The Pennsylvania Workmen's Compensation Act.[2]

The applicable portion of Section 306(f) which was in effect at the time of Mrs. Schoor's injury is as follows: "(f) During the first twelve months after disability begins, the employer shall furnish reasonable surgical and medical services, services rendered by duly licensed practitioners of the healing arts, medicines, and supplies, as and when needed, unless the employe refuses to allow them to be furnished by the employer. If the employer shall, upon application made to him, refuse to furnish such services, medicines, and supplies, the employe may procure same and shall receive from the employer the reasonable cost thereof within the above limitation. In addition to the above service, medicines and supplies, hospital treatment, services and supplies and orthopedic appliances, and prostheses shall be furnished by the employer for the said period of twelve months. The board may order further medical, surgical and hospital services, if it is established that further care will result in restoring the injured employe's earning power to a substantial degree. In each order the board shall specify the maximum period and the maximum cost of the treatment designed for the employe's rehabilitation. The cost for such hospital treatment, service and supplies shall not in any case exceed the prevailing charge in the hospital for like services to other individuals. *If the employe shall refuse reasonable services rendered by duly licensed practitioners of the healing arts, surgical, medical and hospital services, treatment, medicines and supplies, tendered to him by his employer, he shall for-*

---

[2] Act of June 2, 1915, P. L. 736, *as amended,* 77 P.S. §531.

*feit all rights to compensation for any injury or any increase in his incapacity shown to have resulted from such refusal."* (Emphasis added.)

It is clear that the above section only applies to an employe who refuses medical care *tendered* by his employer. The record before us is bereft of any evidence showing a tender of any medical services to Mrs. Schoor by the Appellants. In fact, the record strongly suggests that the Appellants ignored Mrs. Schoor's request for aid.

The conduct of Mrs. Schoor which the Appellants decry is her seeking of medical assistance from a chiropractic physician against the advice of an orthopedic physician. While we are not qualified to weigh the soundness of Mrs. Schoor's judgment in seeking treatment for her injury, we do hold that her conduct was not tantamount to a refusal of medical care under Section 306(f).

For all of the above reasons we, therefore, issue the following

### ORDER

AND NOW, this 26th day of September, 1974, the affirmance by the Workmen's Compensation Appeal Board of the referee's order relative to the claim of Elaine Schoor is hereby affirmed. Accordingly, it is ordered that judgment be entered in favor of Elaine Schoor and against Mauchly Associates and Zurich Insurance Company in the amount of $60 per week beginning June 6, 1969, and continuing for an indefinite period, and for the sum of $190 for medical expenses, together with interest at the rate of 6 percent per annum on deferred installments from the date due to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.