Workmen's Compensation Appeal Board and John W. Myers, Appellees, *v.* Inter-State Tile and Mantel Co., Inc., Appellant.

Argued March 7, 1975, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Ronald M. Katzman,* with him *Goldberg, Evans & Katzman,* for appellant.

*John J. Krafsig, Jr.,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE MENCER, July 9, 1975:

In July 1967, John W. Myers (claimant) suffered a compensable injury while in the course of his employment. Since that time he has been receiving compensation benefits through various agreements entered into with Inter-State Tile and Mantel Co., Inc. (appellant). In October 1973, appellant filed a petition for termination of compensation, alleging that claimant's condition had improved to the point where he could now be fully employed. After a hearing, the referee found that claimant was now only subject to a partial disability. The Workmen's Compensation Appeal Board (Board) reversed the referee and held that claimant continued to be totally disabled. This appeal followed.

The main issue in this case is whether the appellant sustained before the referee its burden of proving that work which claimant was capable of doing was available to claimant. *See Barrett v. Otis Elevator Company,* 431 Pa. 446, 246 A. 2d 668 (1968).

It is now a well-settled principle of law, recognized by both parties to this proceeding, that, on a petition to modify (or terminate) filed by an employer, the burden is on the employer to prove that claimant's disability is no longer total. The party seeking to modify the agreement has the burden of establishing the allegations upon which the relies. *VanHorn v. Workmen's Compensation Appeal Board,* 12 Pa. Commonwealth Ct. 473, 316 A. 2d 686 (1974). Claimant contends that his employer has not met this burden, and of course appellant claims that it has.

In workmen's compensation cases where, as here, the party bearing the burden of proof prevailed before the

referee and the Board took no additional evidence, our scope of review is limited to a determination of whether or not the findings of the referee are supported by substantial competent evidence and whether there has been an error of law or a violation of constitutional rights. *David v. Bellevue Locust Garage*, 12 Pa. Commonwealth Ct. 602, 317 A. 2d 341 (1974). While the Board may consider questions of law, it may not disregard the referee's findings when they are supported by substantial competent evidence. *Id.*[1]

Having closely reviewed the testimony, we are of the opinion that the appellant has met its burden of proof. The referee properly modified the finding of total disability to a finding of partial disability, and the Board wrongly and improperly found a lack of substantial competent evidence in the record and reversed the referee.

Claimant and the Board in essence attacked the referee's findings of only partial disability on the premise that there was not substantial competent evidence to support his deduction that claimant was physically capable of participating in a sedentary type of employment activity and that such employment was available to claimant.

Dr. Bruce Goodman, appellant's physician, clearly testified that, while claimant was disabled for any type of laboring job, he was not totally disabled for, and in fact could be employed in, some sort of sedentary activity. To explain the claimant's disability and the potential limitations on claimant's employment, Dr. Goodman respectively (1) placed a 50-percent limitation on the motion of claimant's back and (2) stated that he felt that it was

---

1. Claimant, relying on cases that dealt with the Workmen's Compensation Act prior to the 1972 amendments and prior to our rulings in such cases as *Universal Cyclops Steel Corporation v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A. 2d 757 (1973), has totally mistaken this Court's and the Board's scope of review in these proceedings.

reasonable to assume that claimant could adjust to a job not requiring any lifting or prolonged standing, bending or stooping. Claimant's medical witness substantially agreed with these conclusions.

All of claimant's attacks on this testimony and on the other testimony in the record are based on the credibility of claimant's witnesses over that of appellant's witnesses. Clearly, this weighing of testimony is solely within the province of the referee fact finder and this Court will not, and the Board cannot, determine the probative value of testimony. This is true even though this Court or the Board may, on the same record, have reached a different result had it been the fact finder. *Mauchly Associates v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 296, 325 A. 2d 496 (1974).

Since appellant did present substantial competent evidence to support the finding of the referee as to claimant's partial disability, it was then incumbent upon the appellant, because there was a definite showing that claimant could not perform his former job, to present evidence as to the degree of claimant's partial disability; namely, the extent of proper employment available to claimant in the labor market. *Chamberlain Corporation v. Pastellak,* 7 Pa. Commonwealth Ct. 425, 298 A. 2d 273 (1973). Naturally then, claimant attacks the referee's findings on the ground that appellant has not met its burden of proof concerning availability of work. We find that appellant has presented evidence in support of its theory of job availability.[2]

Appellant produced as a witness a psychologist who qualified as a vocational expert, knowledgeable in the field

---

2. Claimant's contention that he was deprived of an opportunity to respond to appellant's evidence on this matter because he was not aware of appellant's intention to pursue this argument at the hearing is without merit. Clearly, this type of proof is in fact an absolute necessity to any possibility of success on appellant's part.

of job rehabilitation and placement for disabled persons. He testified that there were approximately a dozen specific jobs available in the area which claimant could perform. Claimant's medical witness affirmed that claimant was able to do some of the light jobs that the vocational expert described.

However, it was an error of law for the referee to award partial disability without a finding that there was work available which the claimant could perform. We cannot presume that the referee concluded that work was available merely because there was an award of partial disability but there must be a finding on this point. *Freedman v. Crown Paper Board Company*, 9 Pa. Commonwealth Ct. 260, 307 A. 2d 466 (1973).

For the foregoing reasons, we enter the following

ORDER

NOW, this 9th day of July, 1975, the order of the Workmen's Compensation Appeal Board is set aside and this case is remanded to the Workmen's Compensation Appeal Board for resubmission to the referee for a finding on the issue of the availability of work that claimant could perform and for the making of a further order.