Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Herbert H. Penn *v.* P.M.A.I.C. and McGee Memorial Hospital, Appellants.

204

Argued January 9, 1976, before Judges KRAMER, WILKINSON, JR., and MENCER, sitting as a panel of three.

*Howard M. Ellner*, with him *John F. McElvenny*, for appellants.

*Edward F. Silva*, with him *Jack E. Feinberg*, and *James N. Diefenderfer*, for appellees.

OPINION BY JUDGE WILKINSON, February 5, 1976:

On June 9, 1960, Herber H. Penn (Penn) suffered a back injury while in the course of his employment with McGee Memorial Hospital (Hospital). Pursuant to an agreement, Penn was paid total disability compensation from June 10, 1960, to October 9, 1962. However, alleging a recurrence of the injury, Penn filed a petition for modification on April 10, 1964, and obtained reinstate-

ment of total disability benefits beginning on June 29, 1964, and continuing for an indefinite period. The Hospital, on March 8, 1971, filed a petition to terminate compensation alleging that Penn's total disability had ceased on or before February 22, 1971.

Several hearings were held before a referee at which uncontradicted medical testimony was presented by the Hospital regarding the physical capability of Penn to engage in gainful employment. The Hospital also introduced evidence through testimony and exhibits that Penn had been working at various jobs from 1964 to 1971.[1] Penn, in his testimony, however, denied holding any employment except during an approximately six-week period in 1971. On November 13, 1974, the referee filed a decision holding that Penn's disability was reduced to 35% as of June 15, 1971, and made the following findings of fact in support thereof:

"8. At the hearings held on this Petition, Defendant [Hospital] presented competent medical evidence through Dr. William Tomasco, that as of 6/15/71, Claimant's [Penn's] disability was 35%, and that Claimant [Penn] was able to perform gainful work with some limitations on his movements, and restrictions on lifting anything over 50 pounds.

"9. Defendant [Hospital] presented certain evidence in an attempt to show that Claimant [Penn] was able to perform his regular duties without any disability; but this evidence was of a 'hearsay' nature, and therefore could not, despite its persuasive

---

1. Two private investigators and an official of a company, at which Penn was allegedy employed, testified on behalf of the Hospital that Penn worked at various jobs including those as a laborer, bartender, water ice salesman, linen service employee and janitor. Documents, including court records and various company payroll and personnel records, were presented to corroborate the employment testimony.

character, support any findings that Claimant [Penn] had fully recovered from his work-injury of 6/9/60.

"10. Claimant [Penn] did not present any countervailing medical evidence to establish that he was totally disabled."

Penn appealed to the Workmen's Compensation Appeal Board (Board) which, without taking additional evidence, set aside the decision of the referee and ruled that Penn continued to be totally disabled. The Board held that the Hospital failed to sustain its burden of proving that work was available which Penn could perform and substituted the following findings of fact for those of the referee:

"EIGHTH: Claimant [Penn] is unable to perform his regular occupation by reason of his accidental injuries.

"NINTH: The defendant [Hospital] has failed to produce competent evidence proving that light work which the claimant [Penn] is capable of performing is available to him.

"TENTH: The claimant [Penn] is totally disabled due to his accidental injuries."

The Hospital and its insurance carrier now appeal to this Court, contending that the Board erred in finding that the Hospital did not prove work availability, and urging the reinstatement of the referee's decision. While we hold that the Board has committed error, we cannot reinstate the determination of the referee but must remand for further findings.

It is undisputed by the parties, and was correctly stated by the Board in its opinion, that on a petition to terminate total disability compensation, the employer has the burden of proving that the disability of the claimant has ended, or that it has been reduced from total to partial disability, and that work is available for which the claimant is qualified and able to perform. *Servomation Corp. v. Workmen's Compensation Appeal Board*, 15 Pa.

Commonwealth Ct. 199, 325 A.2d 344 (1974). Accordingly, for a referee to award partial disability benefits where total disability had been previously established, he must make specific findings, not only that the claimant is physically capable of holding employment, but also that employment exists within that capability. *Workmen's Compensation Appeal Board v. Inter-State Tile and Mantel Co.*, 20 Pa. Commonwealth Ct. 178, 341 A.2d 218 (1975). In the instant case, the referee found Penn able to perform light work. However, he failed to make any findings from the employment evidence presented by the Hospital, but largely denied by Penn, that such work was available, thus clearly committing an error of law. *Id.* Nevertheless, it is equally clear that the Board also committed an error.

It has become fundamental that, absent the hearing of additional evidence, the Board, in reviewing a referee's decision, may not make its own findings of fact, but is limited to determining whether an error of law has been committed and whether the referee's findings of fact are supported by competent evidence. *Page's Department Store v. Velardi*,     Pa.    , 346 A.2d 556 (1975). The failure of the referee, in the present circumstances, to make essential findings on the issue of work availability from the conflicting evidence presented to him constituted an error of law within the foregoing scope of review. However, that failure did not authorize the Board, without taking additional testimony, to then review the record made before the referee and resolve the conflict by making its own findings of fact. Rather, the only course open to the Board, in such a situation, was to remand to the referee to make the necessary findings. *See Greene v. Marger, Inc.*, 12 Pa. Commonwealth Ct. 423, 317 A.2d 358 (1974). Since the Board failed to remand and instead made findings without hearing new evidence, it exceeded its proper scope of review.

Accordingly, we enter the following

208

### Order

Now, February 5, 1976, the order of the Workmen's Compensation Appeal Board, dated July 24, 1975, at No. A-69433, is hereby set aside and the case is remanded to the Workmen's Compensation Appeal Board with directions to remand to the referee to make specific findings of fact on the issue of the availability of work which Herbert H. Penn could perform and to enter a further order or, alternatively, to itself take additional evidence and thereafter make such findings and enter a further order.