Workmen's Compensation Appeal Board of the Commonwealth of Pennsylvania and Calvin T. Wilson *v.* Baldwin-Lima-Hamilton Corp., Appellant.

Argued March 5, 1976, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

John W. Wellman, with him Fronefield, DeFuria and Petrikin, for appellant.

Harry L. Clark, with him James N. Diefenderfer, for appellees.

OPINION BY JUDGE MENCER, April 26, 1976:

Baldwin-Lima-Hamilton Corporation (appellant) appeals to this Court from a decision of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's grant of additional benefits to Calvin T. Wilson (claimant) under the provisions of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §1 et seq. Claimant had filed a petition to review the compensation agreement he entered into with appellant following an accident occurring in the course of claimant's employment. Claimant died before the referee's decision was rendered and his widow was substituted to his claim.

Claimant's original disability began on October 5, 1971, following an accident on the previous day which was described in the compensation agreement as follows:

"While grinding, sitting on bench on top of stand, the stand slipped and he [claimant] fell to the floor, resulting in fracture left ankle."

After receiving $60 per week in disability benefits for 11 1/7 weeks,[1] ending on December 22, 1971, claimant returned to his employment but did no significant work until December 31, 1971, when he was laid off. Claimant

---

1. The Board's opinion mistakenly states the period as 10-1/7 weeks.

was asked to sign a final receipt for compensation benefits, which he did on March 8, 1973. On April 11, 1973, claimant filed a petition to set aside the final receipt, stating that he had never recovered from his injury and that he had not realized that one effect of signing the final receipt was to acknowledge the end of his disability.

Three hearings were held before the referee, the last one taking place on October 22, 1974, after claimant's death on September 4, 1974. At the previous hearings, claimant asserted, and the referee found, that, in addition to the leg fracture, claimant had injured his back in the accident of October 4, 1971, causing a lumbar disc herniation which resulted in total disability from January 1, 1972 to claimant's death. The referee also accepted claimant's explanation that he had signed the final receipt thinking it was merely an acknowledgment of the fact that he had been paid a total of $668.57 in benefits for his disability.

In an action to set aside a final receipt, the burden is upon the claimant to prove conclusively, by clear and convincing evidence,[2] that all disability had not terminated when the final receipt was executed. *Workmen's Compensation Appeal Board v. Page Steel & Wire Division*, 20 Pa. Commonwealth Ct. 414, 341 A.2d 576 (1975). The referee found that appellant had carried his burden, and, since the Board took no additional evidence, our scope of review is limited to determining whether there has been an error of law or a lack of substantial evidence to support the referee's findings of fact. *Workmen's Compensation Appeal Board v. Inter-State Tile*

---

2. At least one well-respected commentator has suggested that the burden of proof on the claimant in these circumstances has been made lighter by amendments to the Act in effect since May 1, 1972 (Act of March 29, 1972, P. L. 159). *See* 1 A. Barbieri, *Pennsylvania Workmen's Compensation and Occupational Disease* §6.33 (1975).

*and Mantel Co., Inc.*, 20 Pa. Commonwealth Ct. 178, 341 A.2d 218 (1975). Our review of the record convinces us that there was substantial evidence to support the referee's findings that claimant suffered a back injury in his accident of October 4, 1971. Appellant asserts that claimant's failure to complain of his back injury at the time of the accident and subsequently allows the inference that no such injury occurred. However, the evidence offered by claimant and his doctor also allows the conclusion that claimant did, in fact, suffer the back injury as a result of the accident. As we have so often stated, the weight to be accorded testimony and the inferences to be drawn therefrom are for the referee. This Court will not determine the probative value of testimony even if, on the same record, it might have reached a different result. *Inter-State Tile, supra; Mauchly Associates v. Workmen's Compensation Appeal Board*, 15 Pa. Commonwealth Ct. 296, 325 A.2d 496 (1974).

Accordingly, we enter our

ORDER

Now, this 26th day of April, 1976, the appeal of Baldwin-Lima-Hamilton Corporation is dismissed, and the order of the Workmen's Compensation Appeal Board in the above named matter is affirmed. It is ordered that judgment be entered in favor of Maggie Lee Wilson, widow of Calvin T. Wilson and against Baldwin-Lima-Hamilton Corporation in the amount of $60 per week, beginning January 1, 1972 and continuing thereafter until the date of claimant's death on September 4, 1974, together with interest at the rate of 10 percent per annum on deferred payments of compensation from the date due to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.