Mary Carole Phillips, Petitioner *v.* Butler County Mushroom Farm, Inc., Respondent.

Argued May 7, 1980, before Judges WILKINSON, JR., CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Yaier Y. Lehrer,* with him *Ray Radakovich, Frank & Radakovich,* for petitioner.

*Roy F. Walters, Jr., Fried, Kane, Walters & Zuschlag,* for respondent.

OPINION BY JUDGE WILKINSON, JR., June 16, 1980:

Petitioner was injured on May 7, 1974 when she was struck from the rear by a forklift. She was paid Workmen's Compensation benefits until August 29, 1975, when she executed a final receipt. On March 16, 1977, petitioner filed a petition to set aside the final receipt. Hearings were held on May 12, 1977 and March 17, 1978. On October 26, 1978, the referee filed his opinion refusing to set aside the final receipt. On appeal the referee's decision was affirmed by the Workmen's Compensation Appeal Board (Board). This appeal followed. We affirm.

Two competent experts, a chiropractic practitioner and a physician who is board certified both as a psychiatrist and a neurologist, testified that petitioner's difficulties were directly related to the May 7, 1974 accident. Had the referee chosen to accept this testimony, clearly it would have supported a decision to set aside the final receipt. However, the referee chose to accept the testimony of the employer's physician, an internist, who testified that the May, 1974, accident was not a cause of petitioner's symptoms. This was the referee's prerogative as the fact-finder and both the Board and this Court are bound by it. *Universal*

*Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973).

Probably understandably so convinced of the validity of her position, petitioner argues that to determine otherwise is a capricious disregard of her evidence. When the referee chooses to rely on one medical expert rather than accept the testimony of two others, it is not a capricious act.[1] *Lewis v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 70, 401 A.2d 863 (1979); *Kuchinski v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 210, 392 A.2d 348 (1978).

Accordingly, we will enter the following

### ORDER

AND NOW, June 16, 1980, the order of the Workmen's Compensation Appeal Board at No. A-76271 dated June 7, 1979, which affirmed the Referee's order dismissing the petition to set aside a final receipt is affirmed.

---

[1] Petitioner's statement of the case contains the following:

That these problems [petitioner's symptoms and disabilities] are related to the accident of [sic] the claimant's place of employment is also undisputed. (Deposition of Dr. Bloset, pages 13, 14; deposition of Dr. Eugene Lloyd Younge, page 6). It should be pointed out that the testimony of Dr. Michael Wald, a physician engaged to perform an examination for the purpose of this claim, disagreed.

Obviously, the matter *is* disputed.