Interstate United Corporation and Royal Globe Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Joanne Bair, Respondents.

Argued November 20, 1980, before Judges MENCER, ROGERS and PALLADINO, sitting as a panel of three.

*Fred C. Trenor,* with him *Mark C. Gordon, Meyer, Darragh, Buckler, Bebenek & Eck,* for petitioners.

*Douglas A. Campbell, Campbell, Lampl & Levine,* for respondent, Joanne Bair.

Opinion by Judge Palladino, January 30, 1981:

This is an appeal from a decision of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's order setting aside a final receipt and reinstating compensation benefits to the claimant, Joanne Bair. We affirm.

The claimant in this case was formerly employed as a countergirl by Interstate United Corporation (Interstate) in a cafeteria located in United States Steel Corporation's (U.S.S.) Homestead plant which Interstate leased from U.S.S. On October 25, 1975, while on her way home from this job, the claimant fell and injured her lower back and arm on the steps of a footbridge owned and controlled by U.S.S. which connected the Homestead plant to a public street. As a result of these injuries, the claimant could no longer perform her customary duties at work. Subsequently Interstate and its insurance carrier, Royal Globe Insurance Co. (Royal), responded to this situation by executing a Notice of Compensation Payable, and agreed to pay the claimant compensation benefits at the rate of $74.03 per week. The claimant received these benefits from October 27, 1975, until March 8, 1976, at which time she executed a Final Receipt.

Several months thereafter the claimant filed a petition seeking to have the benefits reinstated alleging that her disability had changed as of March 9, 1976. The referee treated this petition as one to set aside a final receipt and conducted several evidentiary hearings. At the final hearing held on July 5, 1978, Interstate and Royal made an oral motion to set aside the Notice of Compensation Payable alleging that prior to this hearing they had not known that the claimant had been injured on property owned and controlled by U.S.S., and that this fact would bar the awarding of compensation benefits to the claimant. The referee agreed to consider this motion, subsequently denied it

without comment, and after evaluating the evidence ordered that the compensation benefits be reinstated.

On appeal the Board affirmed both the order reinstating benefits and the dismissal of the motion to strike the Notice of Compensation Payable concluding that Interstate and Royal had not followed the proper procedure for questioning a Notice of Compensation Payable specified in Section 413 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §771.

Before this Court the appellants allege that the referee erred in reinstating benefits since the claimant did not sustain her injury on her employer's "premises" within the intendment of Section 301(c)(1) of the Act, 77 P.S. §411(1), and that this issue was properly before the referee since Section 413 of the Act permits referees to set aside a Notice of Compensation Payable "at any time." We disagree. In so doing we note that we need not address the procedural issue raised by the appellants since in our view the claimant was injured on her employer's "premises" in any event.

Section 301(c)(1) of the Act provides in relevant part that:

> The term 'injury arising in the course of employment,' ... shall include all ... injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere, *and shall include all injuries caused by the condition of the premises or by the operation of the employer's business or affairs thereon, sustained by the employe, who, though not so engaged, is injured upon the premises occupied by or under the control of the employer, or upon which the employer's business or affairs are being carried on, the*

*employe's presence thereon being required by the nature of his employment.* (Emphasis added.)

In determining whether an injury occurring at a particular location is on the "premises" of an employer, and hence compensable under the Act, Pennsylvania Courts have looked to whether the location of the accident was so connected with the employer's business or operating premises as to form an integral part thereof. *Epler v. North American Rockwell Corp.*, 482 Pa. 391, 393 A.2d 1163 (1978), *Eberle v. Union Dental Co.*, 182 Pa. Superior Ct. 519, 128 A.2d 136 (1956), affirmed 390 Pa. 112, 134 A.2d 559 (1957). In making this determination "the critical factor is not the employer's title to or control over the area, but rather the fact that he had caused the area to be used by his employees in the performance of their assigned tasks." *Epler* at 399, 393 A.2d at 1167.

In the case at bar the record shows that Interstate's cafeteria was located in the interior of the Homestead plant, that employees customarily crossed the footbridge the claimant was injured on to enter and exit the cafeteria area, and that Interstate was aware of this fact. In numerous cases Pennsylvania Courts have held that a reasonable means of access to the situs of an employer's business operation is such an integral part of an employer's business as to be encompassed within the definition of "premises" as that term is used in Section 301(c)(1) of the Act. *Epler, supra; Schofield v. Workmen's Compensation Appeal Board*, 39 Pa. Commonwealth Ct. 282, 395 A.2d 328 (1978); *Workmen's Compensation Appeal Board v. Levy*, 23 Pa. Commonwealth Ct. 658, 354 A.2d 7 (1976); *Ingersoll-Rand Company v. Workmen's Compensation Appeal Board*, 12 Pa. Commonwealth Ct. 502, 316 A.2d 673 (1974).

Furthermore, courts have consistently reached this conclusion even where, as here, the means of access has been controlled by a landlord. *Black v. Herman*, 297 Pa. 230, 146 A. 550 (1929), *Lints v. Delaware Ribbon Manufacturers Inc.*, 173 Pa. Superior Ct. 540, 98 A.2d 643 (1953).

In light of the clear mandate of the cases outlined above, we conclude that neither the referee nor the Board committed a reversible error in denying the appellants' motion to strike the Notice of Compensation Payable.

The appellants also allege that the claimant failed to produce sufficient evidence as to her continuing disability to justify the setting aside of the Final Receipt and that the referee capriciously disregarded evidence concerning the availability of light work.

In an action to set aside a final receipt, the claimant must prove by clear and convincing evidence that all disability had not terminated when the final receipt was executed. *Workmen's Compensation Appeal Board v. Baldwin-Lima-Hamilton Corp.*, 24 Pa. Commonwealth Ct. 403, 356 A.2d 375 (1976). Where, as here, the referee has determined that the claimant has met that burden, our scope of review is limited to determining whether there has been an error of law or a lack of substantial evidence to support the referee's findings of fact. *Workmen's Compensation Appeal Board v. Inter-State Tile and Mantel Co., Inc.*, 20 Pa. Commonwealth Ct. 178, 341 A.2d 218 (1975). After evaluating the record we are convinced that there was sufficient evidence presented here to justify the referee's conclusion that the claimant had a continuing disability at the time she executed the Final Receipt. Both the claimant and the appellants presented competent medical testimony which supported the claimant's own testimony concerning her continuing disability. While some conflicting medical testimony was also of-

fered, such conflicts are for the referee to resolve. *Phillips v. Butler County Mushroom Farm, Inc.*, 52 Pa. Commonwealth Ct. 219, 415 A.2d 935 (1980).

Nor do we believe that the referee capriciously disregarded evidence concerning the availability of light work. The claimant testified that Interstate had offered to hire her back as a countergirl but that she had declined since her disability prevented her from performing such required activities as carrying 25 lb. bags of sugar and moving metal milk cartons in the cooler. The appellants in turn offered the testimony of John Kmetz, the food supervisor at U.S.S., who testified that he had told the claimant's supervisor to tell the countergirls not to lift heavy sugar bags and milk cartons. He also testified, however, that the claimant had been offered a job on the night shift and that there would be no other employees present during that shift to help the claimant. Far from disregarding this evidence the referee specifically referred to it in his findings of fact and concluded that the claimant had not been offered a job which her disability would permit her to perform. In reviewing this determination our scope of review is limited to determining whether the findings of fact are consistent with each other and whether the referee capriciously disregarded competent evidence. *American Refrigerator Equipment Company v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977). Since the referee's findings were consistent and since the referee clearly evaluated all the evidence offered we must affirm.

Accordingly, we enter the following

ORDER

AND Now, January 30, 1981, the order of the Workmen's Compensation Appeal Board, Docket No. A-76606, is affirmed.