James William Cox, Petitioner v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Atlas Railroad Construction Co., Respondents.

Argued April 10, 1981, before Judges ROGERS, CRAIG and PALLADINO, sitting as a panel of three.

60

*Albert C. Odermatt, Jr., Weisel, Xides & Odermatt,* for petitioner.

*James W. Young, Jr., Sharlock, Repcheck, Engel & Mahler,* for respondents.

OPINION BY JUDGE PALLADINO, June 16, 1981:

James W. Cox (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the order of a referee terminating benefits to Claimant. We affirm.

Claimant, a railroad track construction laborer for the Atlas Railroad Construction Company (Employer), incurred an injury to his back for which he received workmen's compensation benefits. Seven months after the injury, Employer filed a Termination Petition. Claimant responded averring that he had not recovered from his injury, was not able to resume his previous occupation and was still undergoing medical treatment.

At hearings before a referee from the Bureau of Worker's Compensation, Employer presented medical testimony to show that Claimant had recovered as of the date of the Termination Petition. Claimant countered with medical testimony to show that his disability from the accident continued.

Following these hearings, the referee terminated benefits. The Board took no new evidence and affirmed. Claimant, on appeal to this Court, contends that the Findings of Fact are inconsistent, unsup-

ported by competent and substantial evidence and the product of a capricious disregard of competent evidence.

The employer filing a Termination Petition has the burden of proving that all work-related disability has ceased. *Walther v. Workmen's Compensation Appeal Board,* 37 Pa. Commonwealth Ct. 122, 388 A. 2d 1166 (1978). Where the party with the burden of proof prevailed before the referee and the Board took no additional evidence, as in the instant case, this Court's scope of review is limited to determining whether constitutional rights were violated, an error or law was committed or a necessary finding of fact was unsupported by substantial evidence. *Lookout Volunteer Fire Company v. Workmen's Compensation Appeal Board,* 53 Pa. Commonwealth Ct. 528, 418 A. 2d 802 (1980).

Questions of evidentiary weight and credibility are left to the referee. *City of Williamsport v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 618, 423 A.2d 817 (1980). In evaluating the evidence the referee is free to ''accept or reject the testimony of any witness, including a medical witness, in whole or in part.'' *Bowes v. Inter-Community Action, Inc.,* 49 Pa. Commonwealth Ct. 612, 618, 411 A.2d 1279, 1281 (1980). Where, as in the instant case, conflicting medical testimony is offered, such conflicts are for the referee to resolve. *Interstate United Corporation v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 385, 424 A.2d 1015 (1981).

The Claimant presents reasons why the referee should have disregarded evidence unfavorable to his case: that his doctor is the treating physician and an orthopedic specialist while Employer's doctor is a neurologist, and that there was partial reliance on an x-ray examination (which Employer's own doctor admits will not reveal nerve damage of the nature

62

Claimant alleges to have incurred in his accident) in the diagnosis made at the time of Claimant's injury. These arguments, however, go to the credibility and weight of the evidence and thus were within the province of the referee.

In the instant case, Employer's doctor testified that Claimant was able to resume his duties at the time of the examination. Such unequivocal testimony "supplies the requisite evidence to support the findings, even though medical evidence to the contrary was also introduced." *Connelly v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 485, 486, 399 A.2d 817, 817 (1979).

This Court has repeatedly said it "will not determine the probative value of testimony even if, on the same record, it might have reached a different result." *Workmen's Compensation Appeal Board v. Baldwin-Lima-Hamilton Corp.,* 24 Pa. Commonwealth Ct. 403, 406, 356 A.2d 375, 377 (1976). There is substantial evidence to support the necessary findings of fact, and we must affirm the Board's order.

Accordingly, we enter the following

ORDER

AND Now, June 16, 1981, the order of the Workmen's Compensation Appeal Board, dated April 24, 1980, affirming the referee's termination of benefits is affirmed.