Crucible Steel Company, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Earl E. Doughty, Respondents.

Argued October 9, 1981, before Judges WILLIAMS, JR., MACPHAIL and PALLADINO, sitting as a panel of three.

*Joseph A. Fricker, Jr.,* for petitioner.

*Benjamin L. Costello, Yablonski, King, Costello & Leckie,* for respondent, Earl E. Doughty.

OPINION BY JUDGE PALLADINO, December 23, 1981:

Crucible Steel Company (Employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision awarding benefits to Earl E. Doughty (Claimant). We affirm.

Claimant worked for Employer in various capacities from November 19, 1935, through March 1, 1977, when he quit because of shortness of breath. In April, 1977, and again on February 20, 1978, Claimant had physical examinations after the second of which he was diagnosed as being totally and permanently disabled as a result of anthraco-silicosis with complications of pulmonary emphysema and chronic asthmatic bronchitis. Following a consultation with his attorney, Claimant notified Employer on March 23, 1978,

that his disability was the result of an occupational disease, and, on March 27, 1978, he filed a Claim Petition under the occupational disease provisions of The Pennsylvania Workmen's Compensation Act (Act).[1]

Hearings were held before a referee during which both sides presented, *inter alia,* evidence describing Claimant's work environment and medical testimony as to the causation of Claimant's disability. At the conclusion of these hearings, the referee awarded Claimant benefits for total disability. The Board took no new evidence and affirmed the referee's award.

On appeal to this Court, Employer contends (1) that Section 301(d) of the Act, 77 P.S. §412, was not satisfied because a conclusion that Claimant had an occupational disease could only be drawn from an analysis of his work environment over the ten year period prior to his disability and (2) that Claimant was aware of the fact that he was disabled as the result of an occupational disease more than 120 days prior to the date of notice to Employer and thus the referee was in error in finding that Section 311 of the Act, 77 P.S. §631 had been satisfied.

"A claimant seeking [workmen's compensation] benefits for an injury occasioned by an occupational disease has the burden of proving that his or her disability resulted from the occupational disease." *Crucible Steel Corp. v. Workmen's Compensation Appeal Board,* 59 Pa. Commonwealth Ct. 184, 189, 429 A.2d 123, 125 (1981). Where, as here, the party with the burden of proof prevailed before the referee and the Board did not take additional evidence, this Court's scope of review is restricted to a determination of whether constitutional rights were violated, an error of law was committed or any necessary finding

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1066.

of fact was unsupported by substantial evidence. *Lookout Volunteer Fire Co. v. Workmen's Compensation Appeal Board,* 53 Pa. Commonwealth Ct. 528, 418 A.2d 802 (1980).

To support its first challenge to the award of benefits to Claimant, Employer points out that evidence was presented indicating that Claimant received little, if any, exposure to coal dust and noxious fumes over the final ten years of his employment. As Section 301(d) of the Act, 77 P.S. §412 requires that, to receive benefits because of anthraco-silicosis, one must have been engaged for at least two years of the ten years preceding the disability in an occupation having a silica, coal or asbestos hazard, Employer argues that the referee should have found Claimant ineligible for benefits. Employer also points to medical testimony that the actual cause of Claimant's disability was cigarette smoking.

A review of the record herein reveals that Employer did indeed present the evidence set forth in support of its appeal. Claimant, however, presented evidence to the contrary, *i.e.,* that he received substantial exposure to coal dust and fumes over the final ten years of his employment and medical testimony that his disability occurred as a result of his exposure to dust while working in the steel mill.

It is well settled that it is the referee's function, not this Court's, to make determinations of the weight and credibility of the evidence presented. *City of Williamsport v. Workmen's Compensation Appeal Board,* 55 Pa. Commonwealth Ct. 618, 423 A.2d 817 (1980). He is also charged with resolving conflicts in the evidence, including those resulting from medical testimony. *Interstate United Corp. v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 385, 424 A.2d 1015 (1981). In performing his

function, the referee is free to "accept or reject the testimony of any witness, including a medical witness, in whole or in part." *Bowes v. Inter-Community Action, Inc.*, 49 Pa. Commonwealth Ct. 612, 618, 411 A.2d 1279, 1281 (1980).

In the instant case, Employer's challenge derives solely from the manner in which the referee resolved the conflicts in the evidence presented. Since there is substantial evidence to support the referee's determination, *Connelly v. Workmen's Compensation Appeal Board*, 41 Pa. Commonwealth Ct. 485, 399 A.2d 817 (1979), this Court is not at liberty to reverse, even if on the same record we may have reached a different result. *Cox v. Workmen's Compensation Appeal Board*, 60 Pa. Commonwealth Ct. 59, 430 A.2d 1009 (1981).

Employer's second challenge to the Board's decision is based on the requirement of Section 311 of the Act, 77 P.S. §631 that, to be eligible for benefits, a claimant must provide notice of the disability to the employer within 120 days of the time when claimant knows, or by the exercise of reasonable diligence should have known, of the existence of the occupational disease and its possible relationship to his employment.

With respect to this issue, the referee herein made the following relevant findings of fact:

26. The claimant was first advised that he was disabled from an occupational disease by his attorney on or about February 23, 1978.

27. Notice of the claimant's disability was given to his employer on March 23, 1978. . . . However (this Court has stated repeatedly: the statute does not start the notice period with even a certain knowledge of merely having a particular disease. . . . [T]he key is not only

knowing that one has a disability, but also that it is a disability *resulting from the occupational disease,* as well as being possibly related to the employment. (Emphasis in original.) *Republic Steel Corp. v. Workmen's Compensation Appeal Board,* 47 Pa. Commonwealth Ct. 74, 83, 407 A.2d 117, 121 (1979).

Because findings of fact twenty-six and twenty-seven clearly indicate only one month elapsed between the time when Claimant became aware that he had a disability resulting from an occupational disease and the providing of notice thereof to Employer, we hold that there was sufficient notice under Section 311 of the Act, 77 P.S. §631. *Aston Hill Manufacturing Co. v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 20, 423 A.2d 1135 (1981).

Accordingly, we enter the following

ORDER

AND Now, December 23, 1981, the order of the Workmen's Compensation Appeal Board in the above-captioned matter, No. A-77061, is hereby affirmed and it is ordered that judgment be entered in favor of Earl E. Doughty and against Crucible Steel Company in the sum of $199.00 per week beginning on March 23, 1978, plus interest on deferred payments of compensation pursuant to Section 406.1 of The Pennsylvania Workmen's Compensation Act. Costs in the amount of $558.00 and attorney fees of $3,104.40 are awarded to Kenneth J. Yablonski, Esq., the latter to be paid by a deduction of $29.85 from each week of compensation that becomes due and payable to claimant during the 104-week period from March 23, 1978, through March 19, 1980. Payment of costs and attorney fees shall be forwarded directly to counsel by Crucible Steel.