Paul Wertz, Petitioner *v.* Workmen's Compensation Appeal Board (Ferro Corporation), Respondent.

Submitted on briefs May 10, 1985, to Judges MAC-PHAIL and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*James A. Villanova,* for petitioner.

*P. Ronald Cooper, Reding, Rea & Cooper, P.C.,* for respondent, Ferro Corporation.

OPINION BY JUDGE BLATT, July 23, 1985:

Paul Wertz (claimant) appeals here an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision granting a Termination Petition filed by Ferro Corporation (employer) and setting aside the pertinent notice of compensation payable.

The record indicates that, on May 19, 1980, the claimant sustained a lumbar sprain or injury to his lower back in the course of his employment; that he returned to work on May 20, 1980 without any loss of earning power; that, upon his return to work, his job duties changed from a working foreman to one who is restricted to supervisory tasks; that he continued to work until October 11, 1980 when he found it necessary to stop because of pain in his neck and arms which was subsequently diagnosed as a cervical

nerve root compression; that a notice of compensation payable describing his May 19 work-injury as a cervical nerve root compression was entered between the employer and claimant on February 9, 1981; and that the employer subsequently filed a Termination Petition in March 1981. The referee further found that the claimant's work-injury was a sprained lower back and not a cervical nerve root compression as stated on the notice of compensation payable and, that the claimant's present disability was not causally related to the back injury sustained in the course of employment. He, therefore, set aside the notice of compensation payable and granted the employer a credit equalling the amount of benefits paid to the claimant between October 11, 1980 and March 5, 1981, to be applied against any future benefits awarded the claimant.[1] The referee also granted the employer's Termination Petition, holding that the back injury sustained by claimant on May 19 had ceased.

The claimant argues here only that the referee capriciously disregarded competent evidence in granting the Termination Petition. We note preliminarily, however, that it is the employer who bears the burden of proof in a termination proceeding. *Cox v. Workmen's Compensation Appeal Board,* 60 Pa. Commonwealth Ct. 59, 430 A.2d 1009 (1981), and when the party who bears the burden of proof prevails below, our scope of review is limited to determining whether or not constitutional rights were violated, an error of law was committed or a necessary finding of fact was

---

[1] The claimant here does not contest that part of the Board's order which grants the employer a credit against any future benefits awarded to him. And, for this reason, the issue has been waived. Pa. R.A.P. 1551. We would note, however, that we can find no statutory or case law support which empowers a referee or the Board to order such a credit as a remedy where the claimant, through no misdeed, improperly received workmen's compensation benefits by way of a notice of compensation payable.

unsupported by substantial evidence. *Id.* Additionally, the employer filing a Termination Petition bears the burden of establishing that all work-related disability has ceased. *Id.*

Dr. David E. Foss testified on behalf of the employer that he had treated the claimant in late May, 1980 at which time the claimant told him that he had been injured at work and that he was currently suffering from pain in his lower back and legs. Following an examination, Dr. Foss diagnosed his injury as an acute sprain of the lumbar region of the spine or lower back. Dr. Foss also testified that the claimant had not complained of neck pain in the course of his treatment. Additionally, the claimant testified that he was uncertain as to which part of his back he injured at work on May 19 although he did state that he experienced no neck or arm pain until late August. Dr. Eric Minde, who also testified on behalf of the employer, stated that when he examined the claimant on March 5, 1981, the sprain to his lower back had healed and he further testified that any disability suffered by the claimant at that time was not causally related to the May 19 work injury. The claimant, of course, did present expert medical testimony in support of his contention that his neck or upper back pain was causally related to the lower back injury he received at work on May 19. As we have repeatedly stated, however, the referee may reject the testimony of even an expert, *Bowes v. Inter-Community Action, Inc.,* 49 Pa. Commonwealth Ct. 612, 411 A.2d 1279 (1980), and it is his job, not this Court's, to resolve all conflicts in testimony, *Interstate United Corp. v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 385, 424 A.2d 1015 (1981). Clearly, therefore, ample record evidence exists to support the referee's conclusion that, as of March 5, 1981, the claimant's lower back injury had ceased.

With respect to the referee's decision to set aside the notice of compensation payable, we would note that Section 413(a) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §771 provides that

> [a] *referee of the department may,* at any time, review and modify or *set aside a notice of compensation payable* and an original or supplemental agreement or upon petition filed by either party with the department or *in the course of proceedings under any petition pending before such referee, if it be proved that such notice of compensation payable* or agreement *was in any material respect incorrect.*

Additionally, in order to set aside a notice of compensation payable, the petitioner, here the employer, must establish that a mistake was made relating to a fact or condition at the time the agreement was executed. *See Patulonis v. Locust Mountain Coal Co.,* 160 Pa. Superior Ct. 401, 51 A.2d 352 (1947). Here the referee found, based on the testimony of Dr. Foss, that the May 19 injury was a sprain to the lower back not a cervical nerve root compression as stated on the notice of compensation payable. He consequently concluded that any disability suffered by the claimant on October 11 was not causally related to the earlier work injury. Further, our independent review of the record indicates that the claimant has not argued that the May 19 injury was a cervical nerve root compression, rather he attempted to establish by way of his expert medical witness that the cervical nerve root compression was caused by the lower back injury. And, as we stated previously, the referee did not find this testimony credible. Thus, we are convinced that the referee properly set aside the notice of compensation payable.

Accordingly, we will affirm the decision of the Board.

## ORDER

AND Now, this 23rd day of July, 1985, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

