**LAKE ADVENTURE COMMUNITY ASSOCIATION, INC.**

v.

**DINGMAN TOWNSHIP ZONING HEARING BOARD and Dingman Township Board of Supervisors.**

**Appeal of: Dingman Township Board of Supervisors.**

Commonwealth Court of Pennsylvania.

Argued June 17, 2013.

Decided July 10, 2013.

John J. Mahoney, Chester Springs, for appellant.

Tammy L. Clause, Newfoundland, for appellee Lake Adventure Community Association, Inc.

Debra P. Fourlas, Harrisburg, for amici curiae Pennsylvania Recreation Vehicle and Camping Association and Recreation Vehicle Industry Association.

BEFORE: SIMPSON, Judge, BROBSON, Judge, and McCULLOUGH, Judge.

OPINION BY Judge McCULLOUGH.

Dingman Township Board of Supervisors (Board) appeals from the October 2, 2012 order of the Court of Common Pleas of Pike County (trial court), which granted the land use appeal of Lake Adventure Community Association, Inc. (Landowner), reversed the decision of the Dingman Township Zoning Hearing Board (ZHB), and declared a portion of Dingman Township Ordinance 02–2010 (the Ordinance) substantively invalid.

The facts and procedural history of this case are set forth in a separate but closely related case, *Lake Adventure Community Association, Inc. v. Dingman Township Board of Supervisors* (No.1947 C.D.2012, filed July 10, 2013) (*Lake Adventure I* ). In *Lake Adventure I*, this Court affirmed the trial court's October 1, 2012 order declaring a portion of the Ordinance substantively invalid. Specifically, we concluded that the trial court properly determined that the Ordinance's exclusion of recreational vehicles that require a special highway permit from recreational parks draws an arbitrary distinction between what is known in the vehicle industry as "12–Wide RVs" and "Slide–Out RVs." *Lake Adventure I*, slip op. at 11–12.

The current appeal involves the same set of facts as *Lake Adventure I*, and the only notable difference is that Landowner in this case proceeded on a different legal theory in its appeal from the ZHB to the trial court. Before the trial court, Landowner in this case focused its challenge to the Ordinance solely on the ground that the Uniform Construction Code [1] preempts the Ordinance and permits Landowner to place recreational cabins, including any type of recreational vehicles, on the property at the Lake Adventure Community (the Property). The trial court found no merit to this argument, but nonetheless stated in its October 2, 2012 order that it was reaffirming its October 1, 2012 order, (affirmed by this Court in *Lake Adventure I* ), and declared the special permit provision of the Ordinance substantively invalid on the ground that it improperly differentiates between Slide–Out RVs and 12–Wide RVs.

In this appeal, Dingman Township (the Township) argues that the trial court erred in declaring the Ordinance partially invalid because Landowner never raised the issue concerning the Ordinance's special highway permit provision before the trial court. The Township contends that the trial court exceeded its authority by addressing the issue *sua sponte*.

The Township is correct that the issue regarding the special highway permit that was the subject of the appeal in *Lake Adventure I* was not raised before the trial court in this particular case. However, assuming *arguendo*, that the trial court erred in addressing the issue *sua sponte*, the error would be harmless because the trial court's October 2, 2012 order could not make the Ordinance any more "void" or "invalid" than the October 1, 2012 order

1. Act of November 10, 1999, P.L. 491, *as*     *amended*, 35 P.S. §§ 7210.101–7210.1103.

did. Stated differently, the Township did not sustain any prejudice because the trial court's October 2, 2012 order did not result in the Township becoming more aggrieved or incurring any more of an adverse effect than it already did as a result of the trial court's October 1, 2012 order. Even if this Court granted the Township relief in this case, such relief would be meaningless because it could not alter, or otherwise negate, our conclusion in *Lake Adventure I* that the Ordinance's highway permit provision is substantively invalid. Therefore, we discern no prejudice flowing to the Township from the trial court's error, if any, in addressing an issue and reaffirming a previous order *sua sponte. See Mauchly Associates v. Workmen's Compensation Appeal Board,* 15 Pa.Cmwlth. 296, 325 A.2d 496, 498 (1974) (stating that an error is harmless if a party does not suffer prejudice as a result of the error).

Accordingly, the trial court's order is affirmed.

### ORDER

AND NOW, this 10th day of July, 2013, the October 2, 2012 order of the Court of Common Pleas of Pike County is affirmed.