Del Penn Steel Corp., et al. *v.* Abrams, et al.

Argued January 12, 1973, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*John F. McElvenny,* with him *Henry F. Furman,* for appellants, employer and insurance carrier.

*R. D. Harburg,* with him *Swartz, Campbell & Detweiler,* for prior insurance carrier.

*Morton Gordesky,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., April 3, 1973:

This is an appeal from a decision of the Workmen's Compensation Appeal Board which allowed benefits to the claimant.

Claimant, Grant L. Abrams, filed a Petition for Compensation alleging that on June 4, 1966, he injured his back in the course of his employment by defendant, Del Penn Steel Corporation. An answer denied that claimant sustained a compensable accident on June 4, 1966, or any other date material to this issue. On behalf

of the defendant-employer, a petition was filed by the Pennsylvania Manufacturers' Association Insurance Company (PMA) seeking to join the Home Indemnity Insurance Company (Home) as a party defendant. The petition alleged that hospital records indicated that claimant sustained an injury to his back on April 28, 1966, a time when Home insured Del Penn Steel Corporation for workmen's compensation benefits. PMA concluded that there was a basis for dispute on the issue of whether claimant's disability arose from an incident which occurred while Home covered the defendant-employer, hence the joinder was proper.

The petition to join Home was never formally considered by the referee although counsel for Home entered his appearance at subsequent proceedings. To that petition no answer was ever filed.

Testimony was taken at hearings on February 25, 1969, May 27, 1969 and July 13, 1969, by a referee.

After the testimony was concluded, the referee entered an award for claimant in which he found that an accident had occurred on June 4, 1966, and this caused an aggravation of a pre-existing lower back weakness.

The referee said in his opinion that PMA had unsuccessfully attempted to bring Home on the record as an insurance carrier for the defendant at the time of the accident. The referee noted that counsel for Home was notified, attended the hearings but presented no formal defense.

The defendant PMA appealed to the Workmen's Compensation Appeal Board the decision of the referee. The notes of testimony for the hearings held on February 25, 1969 and May 27, 1969, were not before the Board for its consideration.[1] Based solely on the notes of testimony of the third hearing of July 13, 1970, the

---

[1] The notes of testimony for these hearings were either lost or never transcribed. No satisfactory explanation has been advanced.

Board affirmed the decision of the referee, concluding that the notes of testimony of the third hearing imply that the referee did have testimony before him upon which he could base a finding of an accident and a compensable injury.

The defendant PMA has appealed the Board's decision to this Court.

The employer-appellant and PMA contend (1) that the Board erred as a matter of law in failing to grant defendant a hearing based on the entire record, and (2) the Board erred in its finding that Home was not liable.

We agree with the appellants' first contention and we remand this case for the purpose of either finding the missing testimony or to take additional testimony to complete the record. Appellants' second contention is without merit.

**When an appeal** from a referee's award is properly filed one of the functions of the Board is to review the findings of fact, award, or disallowance of compensation and determine whether the referee's findings of fact and conclusions of law are supported by sufficient, competent evidence. Act of June 2, 1915, P. L. 736, Art. IV, §423, as amended, 77 P.S. §853.

The Board cannot fulfill its statutorily mandated duty without having the benefit of the entire record. The Board had before it notes of testimony from but one of the three hearings. Inferences drawn from that testimony cannot be used as a basis for blindly following *in toto* the referee's decision.

Nor can this Court discharge its appellate review duty in considering the prudence of the Workmen's Compensation Appeal Board without having before us the entire record.[2] The missing testimony is essential

---

[2] Our scope of review in Workmen's Compensation cases includes an examination of the record to determine whether the

and must be replaced or additional testimony taken to complete the record.

Although not necessary to the disposition of the instant appeal, we shall meet appellants' second contention that the Board erred in finding that Home was not legally liable.

Home was the insurer for Del Penn Steel until April 29, 1966 when PMA took over the coverage.

Claimant alleges that his injury occurred on June 4, 1966, a date clearly within PMA's coverage. It in turn alleges that the accident took place on April 29, 1966, a date covered by Home and that the referee erred in failing to so find.

On this issue also, the inadequacy of the record precludes effective review. Appellants' principal argument to this Court is that there can be no meaningful appellate court review without an entire record of all prior proceedings.

Then, in the next breath, appellants ask us to rule, without the benefit of the complete notes of testimony, that the Board erred in its finding that Home was not legally liable.[3] This, of course, we cannot do.

---

findings of fact made by the referee or the Workmen's Compensation Appeal Board are supported by legally competent evidence, and whether the law has been properly applied to those findings. *SKF Industries, Inc. and Liberty Mutual Insurance Company v. Cody, et al.*, 2 Pa. Commonwealth Ct. 19, 276 A. 2d 356 (1971).

Here the record is incomplete. There can be no meaningful appellate review until it is restored.

[3] The appellants also urge that the Board erred in not acting in their petition to join Home as a party defendant. The appellants cite no relevant authority for this position, and it is difficult to understand how appellants' rights are affected by the failure to join Home. If the evidence discloses the accident took place on April 28, 1966, PMA will not be liable whether Home is joined or not.

## ORDER

AND NOW, this 3rd day of April, 1973, the order of the Workmen's Compensation Appeal Board, dated May 5, 1972, is vacated and the record is remanded for further proceedings consistent with this opinion.