Workmen's Compensation Appeal Board of The Commonwealth of Pennsylvania and Earl C. Reinhard *v.* United Parcel Service and Liberty Mutual Insurance Company, Insurance Carrier, Appellants.

Argued October 10, 1975, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Lowell A. Reed, Jr.,* with him *Rawle & Henderson,* and, of counsel, *William G. Adamson,* for appellants.

*James P. Fox,* with him *Fox and Fox,* and *James N. Diefenderfer,* for appellees.

Opinion by Judge Rogers, November 5, 1975:

United Parcel Service of America has appealed from an order of the Workmen's Compensation Appeal Board affirming an award of compensation to a former allegedly disabled employee. We are satisfied that the Workmen's Compensation Appeal Board did not have before it a complete record when it reviewed the record and we therefore remand the case for further proceedings.

It appears that after four continuances a first hearing was conducted by referee Tworzydlo on October 13, 1971. The notes of testimony of this hearing were lost. After three more continuances, a second hearing was conducted by referee Tworzydlo on April 19, 1972. The record certified to us does not include a transcript of this hearing nor do the Board's docket entries contain a record of such a hearing. After two more continuances a final hearing was conducted by referee Perna on August 29, 1973. The purpose of this hearing was to create a substitute for the lost record of the hearing of October 13, 1971. Finally, the report of a psychiatrist who examined the claimant at the employer's instance was apparently admitted into evidence. This does not appear in the bound record certified to us by the Board.

Internal references in the Board's opinion inconsistent with what counsel agree was the trial history, convince us that the Board could not have reviewed the transcript of the April 19, 1972 hearing, if a purported copy handed us by counsel for the claimant is that record.

Since the Workmen's Compensation Appeal Board did not have before it a complete record it could not have fulfilled its duty of review. *Del Penn Steel Corp. v. Abrams*, 8 Pa. Commonwealth Ct. 226, 302 A.2d 875 (1973).

Since we remand, we express the opinion that the Board's refusal to grant the employer's application for a hearing de novo or reassignment of the case for rehearing by a referee was an abuse of its discretion. The employee told the doctors who treated him after the accident that he had no history of psychoneurotic anxiety reaction or hyperventilation before the accident. He testified that he had had no such experiences. The employer stated with its application that it had ascertained after the hearings that the claimant contrary to his testimony had been twice hospitalized before the accident for these complaints. This clearly is a description of fraud or improper conduct by the claimant which should have impelled the Board positively to exercise its discretion to grant rehearing pursuant to Section 425 of The Pennsylvania Workmen's Compensation Law, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §856.

### ORDER

AND NOW, this 5th day of November, 1975, the order of the Workmen's Compensation Appeal Board, dated November 7, 1974, is vacated and the record is remanded for further proceedings consistent with this opinion.