Alan Wood Steel Company, Appellant, *v.* Assunta Carbo, Appellee.

Argued October 10, 1975, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Lowell A. Reed, Jr.,* with him *Rawle & Henderson,* and, of counsel, *William G. Adamson,* for appellant.

*Joseph Lurie,* for appellee.

OPINION BY JUDGE BLATT, December 10, 1975:

The Alan Wood Steel Company (Alan Wood) has appealed from an order of the Court of Common Pleas of Montgomery County affirming an adjudication of the Workmen's Compensation Appeal Board (Board) award-

ing benefits to Assunta Carbo (claimant) pursuant to The Pennsylvania Occupational Disease Act.[1]

The claimant had filed a fatal claim petition with the Board in 1959 alleging that she was married to Gaetano Carbo and that he had died as a result of silicosis developed from his employment in an occupation where a silica hazard was present. After numerous continuances, evidentiary hearings were conducted on November 23, 1966, September 18, 1968, June 10, 1969, November 6, 1969, and June 2, 1971. A referee then rendered an adjudication in which compensation was granted. On appeal by Alan Wood, both the Board and the court below affirmed the award. This appeal followed.

It appears that when the appellant was preparing to print the record as certified to this Court from the court below it was discovered that the notes of testimony from the hearings held on November 23, 1966 and November 6, 1969 were not included. It further appears that the referee, the Board, and the court below failed to consider the evidence adduced at those hearings in reaching their respective decisions, the transcripts not being submitted to them, either.

Although our review of the record as it exists before us would substantiate findings that the decedent died as a result of silicosis and that he was employed in an occupation having a silica hazard, the appellant strenuously argues that, if the referee and the Board had considered all of the testimony they would have reached a different result. Moreover, the missing transcripts allegedly include testimony by the claimant which the appellant argued would tend to show that she was not the decedent's wife. They are also said to include testimony of the decedent's treating physician which the appellant believes contradicts findings that the decedent died as

---

1. Act of June 21, 1939, P. L. 566, as amended, 77 P. S. §1201 et seq.

a result of exposure to a silica hazard. The appellant, therefore, requests that the record be remanded so that additional testimony may be adduced and the record completed.

Without a complete record before them, of course, neither the referee nor the Board could have fulfilled their duties as fact finders nor could the court below have fulfilled its duty to review. *Workmen's Compensation Appeal Board v. United Parcel Service*, 21 Pa. Commonwealth Ct. 502, 346 A.2d 852 (1975) ; *Del Penn Steel Corp. v. Avrams*, 8 Pa. Commonwealth Ct. 226, 302 A.2d 875 (1973). We, therefore, must remand this case to the Board for further proceedings.

We cannot, however, dispose of this appeal without calling attention to the incredible delays experienced by the litigants in this case. Assunta Carbo and the Alan Wood Steel Company have been waiting an intolerable 16 years for a final decision upon a routine claim under the Occupational Disease Act, and they must now be subjected to still further delay. It appears that the counsel now of record were engaged by the individual litigants soon after the inception of the case. It also appears that counsel for both parties to this action have clearly indicated in their briefs that each possesses what both believe to be accurate copies of the missing transcripts of testimony. With all due respect for their proven abilities it does not appear that counsel have asserted the interests of their respective clients with the diligence which their clients and the courts have a right to expect. Unfortunately, of course, no reproach can now make up for the loss of time which has occurred. Moreover, missing witnesses and failing memories may never be recovered. We urgently admonish counsel, therefore, to reach an agreement quickly as to the accuracy of the transcripts which they evidently have in their files and to submit these transcripts at once to the Board for the

enlargement of the record so that a decision upon the claimaint's petition may be speedily reached.

This case is hereby remanded to the Workmen's Compensation Board of Appeals for further action consistent with this opinion.