County of Northampton and Pennsylvania Manufacturers' Association Insurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Rita Comstock, Respondents.

Argued November 19, 1981, before President Judge CRUMLISH and Judges WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*William M. Thomas*, with him *John P. Thomas*, *Thomas & Hair*, for petitioners.

*Philip D. Lauer*, for respondent, Rita Comstock.

OPINION BY JUDGE WILLIAMS, JR., April 13, 1982:

The County of Northampton (appellant) has appealed to this Court from an order entered by the Workmen's Compensation Appeal Board (Board). The Board affirmed in part, and reversed in part, a referee's decision granting appellant's petition to terminate disability benefits to claimant Rita Comstock.

On April 23, 1974 the claimant injured her back in the course of her employment as a nurse's aide at the County of Northampton Home for the Aged, Gracedale. Pursuant to a Notice of Compensation Payable, she was paid total disability benefits at the rate of $90.00 per week, beginning April 24, 1974, and continuing until June 19, 1974. The claimant returned to work for the appellant at the Home for the Aged on June 20, 1974, and reinjured her back on that same date. Thereafter, a Supplemental Agreement for Compensation was entered into whereby it was agreed that claimant was again disabled as of June 21, 1974. Compensation was paid from that date until April 23, 1975, at which time appellant ceased making payments. On August 7, 1975 the County filed a petition to terminate, alleging that claimant had commenced working at the

Northampton Convalescent Home on April 19, 1975, and that her disability had ceased on or before that date.[1] In her answer filed in response to the petition, claimant averred that she had attempted to return to work, but was forced to leave her employment on May 2, 1975 due to continuing disability.

At hearings held before the referee, the claimant presented the testimony of Dr. Rolf Johnson, an orthopedic surgeon. Dr. Johnson had treated claimant since the occurrence of her initial injury on April 23, 1974, and had last examined her on March 4, 1976. On direct examination, he opined that, throughout the period during which he had treated her, claimant was totally disabled by a herniated lumbar disc. On cross-examination, however, Dr. Johnson stated that, although he had examined claimant in April of 1975, he was unaware of her return to work at that time.

In rebuttal, the appellant offered the testimony of Dr. Joseph F. McMahon, Jr., an orthopedic surgeon who had examined claimant on July 20, 1976. Dr. McMahon testified that, in his opinion, there was no objective evidence of any disability at the time of his examination.

The appellant also introduced into evidence a letter written by Dr. Johnson and addressed to appellant's insurance carrier. In this letter, dated June 3, 1975, Dr. Johnson made the following remarks:

It is obvious that this patient is going through with her pregnancy, and I feel that she is no longer disabled due to her accident. At the present time her disability is due to pregnancy.[2]

---

[1] The termination petition was accompanied by an affidavit, signed by an agent of the Northampton Convalescent Home, stating that the claimant had returned to work in April, 1975.

2. The record indicates that the claimant was three (3) months pregnant at the time this letter was written. She gave birth to her child on December 9, 1975.

Based upon the foregoing testimony, the referee rendered a decision wherein he concluded that, as of June 17, 1974, claimant was no longer disabled due to the injury sustained on April 23, 1974. In addition, the referee found that any disability resulting from the initial injury, and from the subsequent injury sustained on June 20, 1974, had ceased and terminated as of April 19, 1975. An order was entered granting the petition to terminate claimant's disability benefits, *effective June 17, 1974.*

The claimant appealed to the Workmen's Compensation Appeal Board, which, without taking additional evidence, affirmed in part, and reversed in part, the referee's decision. The Board upheld the referee's grant of the petition to terminate, but vacated and set aside, as not supported by substantial evidence, the referee's finding that the claimant's disability had ceased on or before April 19, 1975. Having done so, the Board, instead, found that claimant was no longer disabled as of July 20, 1976, the date of Dr. McMahon's examination. In accordance with this finding, the Board entered an order terminating claimant's compensation as of that date.

In its appeal to this Court, the County of Northampton asserts that the Board erred by substituting its finding for that of the referee, and by modifying, accordingly, the date of termination of compensation.

It is well-established that, in proceedings to terminate compensation benefits, the employer has the burden of proving that the claimant's disability has ceased or is no longer the result of the injury sustained in the course of employment. *Children's Aid & Family Services v. Workmen's Compensation Appeal Board,* 53 Pa. Commonwealth Ct. 379, 417 A.2d 1297 (1980). Where, as here, the party with the burden of proof has prevailed before the referee and the Board has taken no additional evidence, this Court's scope of review is

limited to a determination of whether constitutional rights were violated, an error of law committed, or whether any finding of fact necessary to support the adjudication is not supported by substantial evidence. *Cox v. Workmen's Compensation Appeal Board,* 60 Pa. Commonwealth Ct. 59, 430 A.2d 1009 (1981).

When a finding of the referee is supported by substantial evidence, neither the Board nor this Court has any power to disturb that finding. *See, Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). Substantial evidence is such evidence that a reasonable mind might accept as adequate to support a conclusion. *Workmen's Compensation Appeal Board v. Mifflin-Juniata State Health Foundation,* 19 Pa. Commonwealth Ct. 133, 338 A.2d 691 (1975).

Judgments concerning the credibility of witnesses are for the referee, rather than for the Board or this Court. *Id.* As a fact finder, the referee not only resolves questions of credibility and makes choices between conflicting evidence; he may also, in the lawful exercise of his broad discretion, accept or reject the testimony of any witness in whole or in part. *Borough of Rochester v. Workmen's Compensation Appeal Board,* 51 Pa. Commonwealth Ct. 514, 409 A.2d 918 (1980).

Our review of the record in the matter before us leads us to the conclusion that the referee's finding that claimant's disability had ceased as of April 19, 1975 is supported by substantial evidence. The claimant testified that she voluntarily commenced work at the Northampton Convalescent Home on that date, and it was proper for the referee to infer from this fact that no work-related disability was present at that time. Furthermore, it was within the referee's province to accept Dr. Johnson's opinion, as expressed in his letter, that claimant's disability was due to her

pregnancy. For these reasons, we hold that the Board erred by substituting its own finding for that of the referee, and by ordering termination of benefits as of July 20, 1976.

The referee found that any disability resulting from the work-related injuries sustained on April 23, 1974, and on June 20, 1974, had ceased on or before April 19, 1975. For reasons which are unclear to us, however, the referee terminated compensation as of June 17, 1974, a date prior to claimant's second injury. Accordingly, the Board's decision is vacated, and the case is remanded to the referee for the entry of an order consistent with the aforesaid finding.

ORDER

AND Now, the 13th day of April, 1982, the order of the Workmen's Compensation Appeal Board at No. A-73130, dated September 25, 1980, is hereby vacated and the case is remanded to the referee for the entry of an order consistent with his findings of fact.

Judge PALLADINO did not participate in the decision in this case.

