Jeannette Everett, Petitioner *v.* Workmen's Compensation Appeal Board (Keebler Company), Respondents.

Argued March 1, 1982, before President Judge Crumlish and Judges Rogers and Blatt, sitting as a panel of three.

Robert MacAteer, with him Charles A. J. Halpin, III, Baratta & Takiff, for petitioner.

John C. McFadden, with him Thomas F. McDevitt, Thomas F. McDevitt, P.C., for respondents.

Opinion by President Judge Crumlish, Jr., July 16, 1982:

Jeannette Everett appeals the decision of the Workmen's Compensation Appeal Board which affirmed a termination of her benefits. We affirm.

Everett suffered injuries in April of 1977 when she was attacked by a fellow employee. In May of 1977 Everett and Keebler Company, her employer, entered into a compensation agreement for the injuries sustained, i.e., a back contusion, a sprained right hand and avulsion of the hair. The employer then filed a termination petition in November of 1977, alleging that Everett's temporary total disability had ceased. The referee granted the petition and the Board affirmed.

In a termination proceeding, the employer bears the burden of proving that "the claimant's disability has ceased or is no longer the result of the injury sustained in the course of employment." *County of Northampton v. Workmen's Compensation Appeal Board*, 66 Pa. Commonwealth Ct. 109, 112, 443 A.2d 859, 861 (1982). Our scope of review where the party with the burden of proof has prevailed below is limited to determining whether there is a violation of constitutional rights, an error of law or whether the findings of fact are supported by substantial evidence. *Id.*

Keebler's medical expert testified that it was his opinion, as an orthopedic specialist, that all disability had ceased and that Everett was capable of returning to her job as a matron.

Everett's medical witness, an internal medicine specialist, testified that she was unable to return to work due to continuing pain in her thumb and because he believed she might suffer a nervous breakdown[1] if she were to resume her position as a matron.[2]

The referee, in his exclusive province as both the arbiter of credibility and the finder of fact, *Id.* at 112, 443 A.2d at 862, rejected the testimony of Everett's witness and explicitly accepted as credible the testimony of Keebler's witness.

[1] On cross-examination, Everett's physician admitted that he was not certified in psychiatry, although he continued to assert that he was better able to treat Everett's mental condition than a psychiatrist would be.

[2] In Everett's answer to the Petition for Termination, no mention was made of her nervous condition; rather, she asserted that she was unable to return to work due to a permanent injury to her hand. On cross-examination, Keebler's witness was not questioned as to Everett's mental condition. Everett herself testified that, although she became nervous and upset when thinking of the original incident, her main reason for not being able to return to work was her alleged continuing pain in her thumb.

462

A review of the record leads us to conclude that there is substantial evidence in the record to sustain the finding that Everett's disability had ceased.

Affirmed.

## ORDER

The order of. the Workmen's Compensation Appeal Board, No. A794112 dated January 29, 1981, is affirmed.

Judge MENCER did not participate in the decision in this case.