Steven Kruchinsky, Petitioner *v.* Workmen's Compensation Appeal Board (Henry S. Raving, Inc.), Respondents.

Submitted on briefs April 6, 1983, to President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Thomas F. McDevitt, Thomas F. McDevitt, P.C.,* for petitioner.

*Stephen J. Harlen, Swartz, Campbell & Detweiler,* for respondent, Henry S. Raving, Inc.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 10, 1983:

Kruchinsky appeals a Workmen's Compensation Appeal Board order affirming a termination of benefits. We affirm.

Kruchinsky, a commercial painter with Henry S. Raving, Inc., injured his feet in a fall from scaffolding. He received total disability benefits from September 16, 1974, until April 17, 1979, the date Raving filed a termination petition. The referee found that Kruchinsky had fully recovered and terminated his benefits.

Our scope of review, where the party with the burden of proof has prevailed before the referee and the Board took no additional evidence, is limited to determining whether constitutional rights were violated or whether any necessary finding of fact was unsupported by substantial evidence. *Celotex Corp. v. Workmen's Compensation Appeal Board,* 70 Pa. Commonwealth Ct. 407, 453 A.2d 373 (1982).

Kruchinsky contends that the testimony of Raving's medical witness, Dr. Stiffel, was insufficient to support the referee's findings. After examining Kruchinsky, Dr. Stiffel determined that he had excellent ranges of motion in both ankles and could walk without difficulty. This testimony constituted substantial evidence, and the fact that conflicting testimony was elicited will not render the employer's expert's testimony insubstantial. *Leskin v. Work-*

*men's Compensation Appeal Board,* 69 Pa. Commonwealth Ct. 569, 451 A.2d 1061 (1982).

A referee, whose role it is to judge the credibility of witnesses, may accept or reject the testimony of any witness in whole or in part and resolve any inconsistencies in the evidence presented. *Schiavo v. Workmen's Compensation Appeal Board,* 68 Pa. Commonwealth Ct. 479, 449 A.2d 816 (1982). Dr. Stiffel's testimony amply supported the referee's findings.

Affirmed.

### ORDER

The order of the Workmen's Compensation Appeal Board, No. A-79240, dated December 24, 1981, is hereby affirmed.