Benjamin H. Frye, Jr., Petitioner v. Workmen's Compensation Appeal Board (Lafferty Trucking Company), Respondents.

Submitted on briefs October 6, 1983, to Judges WILLIAMS, JR., BARRY and BLATT, sitting as a panel of three.

*Frederick B. Gieg, Jr., Gieg & Gieg,* for petitioner.

*Alan R. Krier, Jubelirer, Carothers, Krier, Halpern & Smith,* for respondents.

OPINION BY JUDGE BLATT, November 18, 1983:

Benjamin H. Frye, Jr. (claimant) appeals here an order of Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision to grant the termination petition of the Lafferty Trucking Company (employer).

The claimant, who has a history of back problems, was injured in the course of his employment and received total disability payments. After hearings before the referee, payments were terminated based on the deposition testimony of the employer's physician that all work-related disability had ceased. The Board affirmed and the claimant filed the instant appeal.

In a termination proceeding, the employer has the burden of proving that all work-related disability had ceased. *Walther v. Workmen's Compensation Appeal Board,* 37 Pa. Commonwealth Ct. 122, 388 A.2d 1166 (1978). And where, as here, the party with the burden of proof has prevailed before the referee, and the Board took no additional evidence, this Court's scope of review is to determine whether or not constitutional rights were violated, an error of law was committed, or a necessary finding of fact was unsupported by substantial evidence. *Lookout Volunteer Fire Co. v. Workmen's Compensation Appeal Board,* 53 Pa. Commonwealth Ct. 528, 418 A.2d 802 (1980).

The claimant argues first that the termination petition should not have been granted because the employer did not meet his burden of proof. He relies on

the deposition of his physician, who opined that the claimant's work-related disability had not ceased. The employer's physician disagreed, however, and stated that his examination of the claimant indicated that all disability related to the workplace had ceased. The referee, who was free to "accept or reject the testimony of any witness, including a medical witness, in whole or in part", *Bowes v. Inter-Community Action, Inc.,* 49 Pa. Commonwealth Ct. 612, 618, 411 A.2d 1279, 1281 (1980) chose to accept the testimony of the employer's witness. And finding that testimony to be substantial evidence, it is not the function of this Court to decide questions of evidentiary weight and credibility. *Bethlehem Steel Corp. v. Workmen's Compensation Appeal Board (Lombardi),* 70 Pa. Commonwealth Ct. 392, 453 A.2d 370 (1982).

The claimant next argues that he was promised by a representative of the employer's insurance carrier that his benefits would not be discontinued until he had been rehabilitated and could accept employment in another line of work. He states that he then enrolled at the Pennsylvania State University in an engineering program, relying on these statements and believing that his compensation would not be terminated. The referee found, however, that the claimant resigned from his position with the employer, and, while he did not state why the claimant resigned, we do not believe that it was necessary for him to do so. There was no corroboration of the claimant's self-serving, hearsay testimony relating to the alleged agreement with the insurance agent and we do not believe that the referee erred in failing to accept it.[1] *See Smith v. Workmen's Compensation Appeal Board,* 40 Pa. Commonwealth Ct. 117, 396 A.2d 905 (1979).

---

[1] As the employer notes in his brief, it is difficult to believe that an insurance carrier would make such an agreement.

The claimant also argues that the termination petition should not have been granted because the employer did not prove that suitable work was available to him. It is true that, in cases where the claimant suffers a *partial disability* as a result of a work-related injury and is unable to return to his previous position of employment, then the employer would have the burden of proving the availability of suitable employment. *Costanzo v. Workmen's Compensation Appeal Board,* 49 Pa. Commonwealth Ct. 249, 410 A.2d 967 (1980). Here, however, the employer presented evidence, which the referee and the Board accepted, which tended to show that the work-related disability had ceased, and that any physical problems the claimant may still have had were causally related to a pre-existing condition. In such case, the referee may terminate benefits without regard to the question of suitable work. *Id.* Moreover, we held in *Bailey v. Workmen's Compensation Appeal Board,* 60 Pa. Commonwealth Ct. 338, 431 A.2d 1114 (1981) that, when all disability related to a compensable injury has ceased, the claimant was no longer entitled to benefits despite the fact that he continued to have the same trouble that had predisposed him to injury in the first instance.

The claimant's final argument requests a remand because the hearing tapes were not transcribed for approximately two years, and because he does not believe that the transcript in its present state is totally complete. He cites the case of *Alan Wood Steel Co. v. Carbo,* 22 Pa. Commonwealth Ct. 301, 359 A.2d 471 (1975), an occupational disease proceeding, in support of his request. *Alan Wood Steel Co.,* however, is readily distinquishable from the case at bar. There the transcripts of the hearings were not available to the Board or to the court of common pleas, and it was therefore impossible to review the decision on appeal effectively. Here, however, the Board and this Court

have had the opportunity to review the notes of testimony at the referee's hearings and the depositions of the physicians, and we have no evidentiary support for the claimant's contention that these transcripts are incomplete, as, for example, the stenographer's statement to that effect.

We will, therefore, affirm the order of the Board.

### Order

And Now, this 18th day of November, 1983, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.