Carolee Glickman, Petitioner *v.* Workmen's Compensation Appeal Board (New York Floral Company), Respondents.

Submitted on briefs December 12, 1984, to Judges WILLIAMS, JR., BARRY and Senior Judge BLATT, sitting as a panel of three.

Robert J. Magee, Worth Law Offices, P.C., for petitioner.

David G. Welty, for respondent.

OPINION BY JUDGE WILLIAMS, JR., January 24, 1985:

Carolee Glickman appeals from the decision of the Workmen's Compensation Appeal Board dismissing her appeal from the referee's granting of the employer's petition to terminate compensation benefits under The Pennsylvania Workmen's Compensation Act.[1]

In 1977, Glickman was employed two days per week as a part-time clerk for the New York Floral Company. Her net income was approximately $25.00 per week. On October 3, 1977, Glickman filed a Notice of Compensation Payable, stating that on September 8, 1977, she suffered an injury to her back while in the course of her employment. Effective the week of September 19, 1977, Glickman began receiving disability benefits in the amount of $63.33 per week. On August 7, 1981, the employer, by its insurance carrier, filed a Termination Petition alleging that on or before July 28, 1981 Glickman fully recovered from her work-related injury. The petition was accompanied by the affidavit of Dr. Lawrence M. Weisbrod, who certified that he had examined Glickman on July 27, 1981 and found that she was fully recovered from the back injury which occurred on September 8, 1977. Glickman answered the petition, asserting that she was not fully recovered and that she was still afflicted with

---

[1] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§1-1066.

most of the symptoms which originally caused her disability.

At a hearing before the referee, the employer presented the testimony of Dr. Weisbrod, a board certified orthopedic surgeon, who had been Glickman's treating physician. He testified that he first examined Glickman on April 20, 1978. That examination and a review of x-rays taken in September of 1977 revealed some muscle spasms in the low back and a congenital defect known as spondylolisthesis, which is a slippage forward of one of the vertebrae. He also found that Glickman suffered from spina bifida, a congenital defect causing curvature of the spine. As a result of these conditions, Dr. Weisbrod, in April or May of 1979, performed surgery on Glickman's spine to relieve some of the pressure on her back. The surgery improved her condition; and even though Glickman complained of some residual backache and some numbness of the left foot, the physician expressed the opinion that the back strain caused by her job was basically resolved by the time he examined her in late July, 1981. The doctor raised doubts as to whether Glickman's condition was work-related at all, in light of his opinion that her spondylolisthesis preexisted September, 1977 and that the slippage of the affected vertebra occurred gradually over many years, and in light of his lack of knowledge of any specific occurrence on September 8, 1977 which might have caused the injury.

Glickman presented no medical expert. She testified to her continuing back pain and numbness, and of her inability to perform the duties required by her previous employment. She also testified regarding her day-to-day activities, which according to the referee's findings included home care for her husband, and 13 year-old daughter as well as care of her mother,

who was debilitated due to arthritis and rheumatism; cooking meals, washing dishes, mopping floors, food shopping, driving, doing laundry, housecleaning, and raising 25 chickens.

The referee accepted the doctor's testimony, and concluded that while there was some question as to whether Glickman's condition was work-related at all, the employer had, in any event, established that she was capable of returning to her previous employment. The Board affirmed, finding no capricious disregard of competent evidence.

Glickman contends on appeal that the employer failed to meet its burden of showing either a cessation of the work-related disability or a reduction of disability along with the availability of work which the claimant can perform. Although we find the referee's decision somewhat lacking in clarity, we believe that the findings and evidence support a conclusion that whatever work-related disability Glickman sustained had ceased.

Glickman argues that Dr. Weisbrod's testimony establishes that she continued to suffer from some residual disability arising out of her work-related injury. In support of this argument, she cites portions of the physician's testimony where he conceded that she still had some limitation in her range of movement and numbness in her left foot. Indeed, the doctor testified, and the referee found, that Glickman had continuing complaints of backache and numbness. However, the doctor did not conclude that Glickman's residual limitations were due to a work-related injury. Rather, he concluded that whatever disability she suffered due to any employment injury had ceased, and that any residual pain and spinal limitation was due to conditions which were congenital. This evidence is substantial, and clearly sufficient to support

the employer's burden of showing that the claimant's disability has ceased or is no longer the result of injuries sustained in the course of employment. *See Northampton County v. Workmen's Compensation Appeal Board*, 66 Pa. Commonwealth Ct. 109, 443 A.2d 859 (1982).

As we find that there is substantial evidence to support the compensation authorities' conclusion that Glickman's work-related disability had ceased,[2] it is unnecessary for us to determine whether the employer established the availability of work consistent with Glickman's continuing physical limitations.

Accordingly, the decision and order of the Board is affirmed.

ORDER

AND Now, this 24th day of January, 1985, the decision of the Workmen's Compensation Appeal Board at No. A-85216 is affirmed.

---

[2] Where the party with the burden of proof prevails before the referee and the Board takes no additional evidence, our scope of review is limited to determining whether any constitutional rights were violated or an error of law committed or whether a necessary finding of fact was unsupported by substantial evidence. *Bethlehem Steel Corp. v. Workmen's Compensation Appeal Board*, 70 Pa. Commonwealth Ct. 392, 453 A.2d 370 (1982).