518 A.2d 331

James R. Royster, Petitioner *v.* Workmen's Compensation Appeal Board (National Mines Corp.), Respondents.

Submitted on briefs October 7, 1986, to Judges MacPhail, Colins and Palladino, sitting as a panel of three.

*Richard J. Schubert, Litman, Litman, Harris, Brown and Watzman, P.A.,* for petitioner.

*Paul E. Sutter, Tillman & Thompson,* for respondents.

OPINION BY JUDGE MacPhail, December 3, 1986:

James R. Royster, Petitioner, petitions for review of an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's order terminating Petitioner's compensation. We affirm the Board.

Petitioner injured his right knee while in the course of his employment at National Mines Corporation (Employer) on January 27, 1981. As a result, Petitioner was totally disabled and began receiving workmen's compensation benefits pursuant to a Notice of Compensation payable filed February 17, 1981. Petitioner was

subsequently treated by Dr. Richard S. Gehl, who diagnosed him as suffering from osteoarthritis which he stated probably pre-dated his January, 1981 injury. Dr. Gehl opined that the osteoarthritis was probably aggravated to some extent by the work-related injury.

Petitioner underwent surgery for the osteoarthritic degeneration of his knee and removal of a posterior horn of the medial meniscus on March 31, 1981 and thereafter continued to be treated by Dr. Gehl for associated symptoms.

On June 17, 1982, Employer filed a Petition for Termination and an Affidavit of Recovery signed by Dr. Robert Botkin. Dr. Botkin subsequently died and Employer withdrew that petition. Immediately thereafter, Employer filed a second Petition for Termination dated March 13, 1983. This petition was supported by an Affidavit of Recovery signed by Dr. William J. Mitchell alleging that Petitioner could return to work as of March 12, 1983. Petitioner answered by denying all material allegations.

Hearings were held on Employer's petition and on August 2, 1984, Referee Luich granted the Petition for Termination finding that Petitioner had completely recovered from his work-related injury. Petitioner appealed to the Board which affirmed the order of the referee.

Petitioner argues here that the referee erred in granting the Termination Petition because there was insufficient evidence of record to establish that he had recovered from his work-related injury and because the referee's findings of fact numbers 11 and 12 were inconsistent with each other.[1] Petitioner further argues that

---

[1] The referee made the following findings of fact:

11. Your Referee finds that although claimant sustained an aggravation to his osteoarthritic knee on January 27, 1981, he had recovered from the disability caused by

because the referee found that he continued to suffer from "residuals" of his osteoarthritis it was error to grant the Termination Petition without the Employer proving that suitable alternative work was available. Finally, Petitioner argues that the referee erred by granting the Employer's Termination Petition on the basis that there was no clinical evidence that his work-related injury was continuing where Petitioner testified that he still suffers pain as a result of that injury.

Preliminarily, we note that "[i]n a termination petition proceeding, the employer has the burden of proving that the disability for which it has agreed to pay compensation has ceased." *Bailey v. Workmen's Compensation Appeal Board*, 60 Pa. Commonwealth Ct. 338, 341, 431 A.2d 1114, 1115 (1981). Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the necessary findings of fact were supported by substantial evidence. *Everett v. Workmen's Compensation Appeal Board (Keebler Co.)*, 67 Pa. Commonwealth Ct. 459, 447 A.2d 700 (1982).

We turn first to Petitioner's argument that there was insufficient evidence of record to establish that Petitioner had recovered from his work-related injury. Dr. Mitchell testified that Petitioner had an osteoarthritic condition which pre-dated his January, 1981 injury. He

---

that aggravation at the time of Dr. Mitchell's examination on March 11, 1983 and he could have returned to work as a mechanic in the mine on March 12, 1983.

12. Your Referee chooses to believe Dr. Mitchell's testimony that claimant's knee showed no clinical evidence of any significant aggravation on March 11, 1983 although he may and does have some residuals of his pre-existing arthritis condition.

Petitioner argues that the referee's finding that he still suffered from residuals of his osteoarthritis was inconsistent with his finding that he had recovered from his work-related injury.

further testified that the injury Petitioner sustained in January, 1981 "at most would have been a sprain-synovitic reaction of the knee."[2] Dr. Mitchell opined that the January, 1981 injury did not aggravate the arthritic condition since there was no clinical evidence of an aggravation on the x-ray films he reviewed. In addition, Dr. Mitchell testified that "there was no longer any objective evidence of disability remaining in the right-knee [sic]",[3] and that Petitioner could return to his previous occupation as a mechanic without limitation.

Dr. Gehl testified that Petitioner's January, 1981 injury caused an aggravation of his pre-existing osteoarthritis. He further testifed that Petitioner was not yet, nor would he in all probability ever be, capable of performing the duties of his previous occupation.

Petitioner argues that this case is similar to *Beissel v. Workmen's Compensation Appeal Board (John Wanamaker, Inc.)*, 502 Pa. 178, 465 A.2d 969 (1983) where our Supreme Court ruled that an employer may not litigate, by way of a Termination Petition, that which it has already admitted in its Notice of Compensation Payable. Specifically, *Beissel* precludes an employer from terminating a claimant's benefits by later presenting evidence that the disability it orginally agreed it was responsible for, through its Notice of Compensation Payable, never was work-related. That is not the situation in the present case. Here, Employer admits that Petitioner suffered a work-related injury and it has paid Petitioner pursuant to a Notice of Compensation payable for a right knee contusion. Employer's contention, which was accepted by the referee and the Board, is that any residual osteoarthritis from which Petitioner now suffers is

---

[2] *See* Respondent's brief, exhibit B, also incorporated into the record as Defendant's Deposition exhibit No. 2.

[3] R.R. at 83a.

no longer related to his 1981 work-related injury but, rather, is an extension of the osteoarthritic condition which pre-dated his 1981 injury. There is substantial record evidence to support Employer's contention.[4] Further, Employer produced evidence that Petitioner's work-related disability, a right knee contusion, had ceased since the filing of its Notice of Compensation Payable.[5] Clearly the present case is distinquishable from, and therefore not controlled by, *Beissel*.

Furthermore, it is clear from the referee's findings of fact that he chose to believe Dr. Mitchell's testimony over that of Dr. Gehl. The referee believed that although Petitioner still suffered from his pre-injury osteoarthritis, the disability caused by his January, 1981 work-related injury had ceased. In a workmen's compensation case it is the referee's function to judge the credibility of witnesses and he may accept or reject the testimony of any witness in whole or in part and resolve any inconsistencies in the evidence presented. *Kruchinsky v. Workmen's Compensation Appeal Board (Henry S. Raving, Inc.)*, 76 Pa. Commonwealth Ct. 262, 463 A.2d 1232 (1983). We believe Dr. Mitchell's testimony constitutes substantial evidence and accordingly find that the referee did not err in granting Employer's Termination Petition.

Petitioner next argues that because the referee found that he was still suffering from residual disability, it was error to grant the Termination Petition without the Employer proving that there was suitable work available. In *Fashion Prints v. Workmen's Compensation Appeal Board*, 57 Pa. Commonwealth Ct. 250, 425 A.2d 1221 (1981) we stated that where an employer proves that a claimant's work-related disability has

---

[4] R.R. at 79a, 80a.

[5] Under *Beissel*, the employer has the burden of showing that the employee's disability has changed or ceased *after* the date of the notice of compensation payable.

ceased altogether we do not require proof that suitable work was available. Where, as here, the employer offers testimony which the referee and the Board accept that claimant's work-related injury has ceased and any physical problems still suffered from are causally related to a pre-existing condition it is not necessary that the employer prove that suitable alternative work is available. *Frye v. Workmen's Compensation Appeal Board (Lafferty Trucking Co.)*, 78 Pa. Commonwealth Ct. 427, 467 A.2d 659 (1983).

Finally, Petitioner argues that the referee erred in granting the Employer's Termination Petition on the basis that there was no clinical evidence that Petitioner's work-related injury was continuing where Petitioner testified that he continued to suffer pain as a result of that injury. While pain from a work-related injury may be compensable where there is substantial evidence of its existence and its causal connection with the injury, the referee here chose to believe, as he is free to do, Dr. Mitchell's testimony that Petitioner's work-related disability had ceased. A referee does not err by terminating benefits where he finds that claimant has totally recovered from his work-related injury even though he may continue to suffer from a condition which he had before the work-related injury occurred. *See Bailey*. We also have held that where the evidence is such that a physician can find no objective abnormality to support a claimant's subjective complaints of pain, a referee may validly conclude that such evidence is sufficient to support a termination of benefits. *Shepherd v. Workmen's Compensation Appeal Board*, 66 Pa. Commonwealth Ct. 101, 443 A.2d 862 (1982).

Accordingly, we affirm the Board's order.

### ORDER

The order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.