533 A.2d 515

Atlantic & Gulf Stevedores, Inc., Petitioner *v.* Workmen's Compensation Appeal Board (Roseboro), Respondent.

Sherley Roseboro, Petitioner *v.* Workmen's Compensation Appeal Board (Atlantic & Gulf Stevedores, Inc.), Respondents.

Submitted on briefs September 14, 1987, to Judges MacPhail and Palladino, and Senior Judge Narick, sitting as a panel of three.

*Maria Zulick,* with her, *Charles W. Craven, Marshall, Dennehey, Warner, Coleman and Goggin,* for petitioner/respondent, Atlantic & Gulf Stevedores, Inc.

*Sheldon A. Goodstadt, Oxman, Levitan & Goodstadt,* for respondent/petitioner, Sherley Roseboro.

OPINION BY SENIOR JUDGE NARICK, November 18, 1987:

In these consolidated appeals, Atlantic & Gulf Stevedores, Inc. (Employer) has appealed a decision of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision denying Employer's petition to modify benefits payable to Sherley Roseboro (Claimant); and the Claimant has appealed the decision of the Board which affirmed a referee's decision awarding Employer subrogation rights in a third party tort recovery received by Claimant. For the reasons set forth below, we affirm the denial of Employer's request for modification of disability benefits, but remand on the issue of subrogation.

Claimant was employed as a longshoreman or stevedore for Employer. On July 5, 1979, Claimant was in-

jured in the course of his employment when a Merz Highways Tour bus in which claimant was a passenger, while returning from a job site in New Jersey, was struck by an automobile driven by David Hemphill. Claimant was paid workmen's compensation benefits from July 5, 1979 at a weekly compensation rate of $192.26.

On July 15, 1980, Employer filed for modification of compensation. On January 22, 1986, the referee rendered a decision denying Employer's request for modification of disability benefits but granting Employer subrogation rights.[1] The Board affirmed the referee's decision.

Thus, two issues are before us for review: (1) whether the referee erred in denying Employer's request for modification of disability benefits, and (2) whether the referee erred in determining that Employer was entitled to subrogation rights with respect to Claimant's third party tort recovery. Our scope of review herein is limited to a determination of whether constitutional rights have been violated, an error of law has been committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

First, we shall discuss Employer's request for modification of workmen's compensation benefits. In support of its position, Employer relies on the testimony of Dr. William Simon and the vocational testimony of Dr.

---

[1] It appears from the record that Employer requested a supersedeas at some point during the proceedings and that pursuant to a referee's order dated March 1982 the supersedeas was denied.

Philip Spergel.[2] Dr. Simon testified that he had examined Claimant on two separate occasions, November 26, 1979 and July 15, 1980. Dr. Simon testified that he diagnosed Claimant as suffering from degenerative joint disease, degenerative disc disease of the cervical spine and degenerative joint disease of the lumbosacral spine. It was Dr. Simon's opinion that although Claimant could not return to his job as a stevedore, Claimant could perform sedentary work. Dr. Spergel, a vocational expert, also testified that Claimant could perform sedentary jobs.

In rebuttal, Claimant presented the testimony of his treating physicians, Dr. Raymond Silk and Dr. William Burch. Claimant also presented the vocational testimony of Peter B. Nesbitt.[3] It was Dr. Silk's testimony that Claimant, since his accident in 1979, has become a chronic pain syndrome patient and that Claimant takes analgesics for relief of pain. Dr. Silk further stated that Claimant, who walks with a quadricane, is restricted in lifting, bending, stooping and from remaining in one sedentary position because he becomes frozen if he remains in one spot. Dr. Silk concluded that Claimant is not capable of performing sedentary work. Dr. Burch, an orthopedic specialist, testified that he had examined Claimant on August 17, 1979, March 20, 1980 and April 27, 1982. Dr. Burch opined that Claimant's condition from August 17, 1979 until April 27, 1982 had worsened, and that Claimant's prognosis for improve-

---

[2] The testimonies of Dr. Simon and Dr. Spergel were introduced pursuant to depositions taken on February 19, 1982 and March 19, 1982 respectively.

[3] The testimonies of Dr. Silk, Dr. Burch and Peter Nesbitt were taken pursuant to depositions. Dr. Silk's deposition was taken on September 24, 1982, Dr. Burch's deposition was taken on February 19, 1982 and Peter Nesbitt's deposition was taken on January 10, 1983.

ment was non-existent. Dr. Burch stated that Claimant is unable to perform sedentary types of employment and that because of the pain medication prescribed to him, should not operate a motor vehicle or any type of power machinery. The vocational expert, Peter Nesbitt, testified that Claimant, in light of his educational and work background, could be considered for unskilled entry level type work. However, based upon Claimant's continuing medical problems, Nesbitt concluded that Claimant is not employable in any type of work.

The referee resolved the conflicts in testimony in Claimant's favor and concluded that Claimant remains totally disabled. It is well settled that when no additional evidence is taken by the Board, the referee is the ultimate factfinder. *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973); and the task of resolving conflicts in evidence, including medical evidence, is for the referee, *Frye v. Workmen's Compensation Appeal Board (Lafferty Trucking Co.),* 78 Pa. Commonwealth Ct. 427, 467 A.2d 659 (1983).

An employer seeking to modify an employee's disability compensation from total to partial disability must establish by substantial evidence that the employee's condition of disability has been reduced and that work is available which the claimant is capable of performing. *Costal Tank Lines, Inc. v. Workmen's Compensation Appeal Board (Swick),* 72 Pa. Commonwealth Ct. 308, 457 A.2d 149 (1983) and *St. Vincent Health Center v. Workmen's Compensation Appeal Board (Roussos),* 59 Pa. Commonwealth Ct. 130, 428 A.2d 1061 (1981).

Thus, we cannot disturb the referee's findings if supported by substantial evidence, and where as here the medical testimonies of Drs. Silk and Burch as well as the vocational testimony of Peter Nesbitt supports the referee's findings, we will affirm.

The next issue presented for our consideration is whether the referee erred in awarding subrogation rights to Employer pursuant to *Vespaziano v. Insana,* 501 Pa. 612, 462 A.2d 669 (1983).[4] The referee made the following findings of fact which were affirmed by the Board regarding the issue of subrogation:

13. Claimant commenced a third-party action based on his work-related injury and recovered the sum of $225,000 by way of settlement from Merz Highway Tours and David Hemphill on or about March, 1983.

14. From the amount of settlement there was deducted from claimant's share expense reimbursement of $5,812.15 and counsel fee to Sheldon A. Goodstadt, in the amount of $90,-000.00; leaving a net recovery of $129,687.85.

15. Based on claimant's compensation payments of $192.26 a week, claimant has received 337 weeks of compensation from Defendant by December 28, 1985, for a total compensation claim of $64,791.62.

16. Under the provisions of the PA 'No Fault' Act, as interpreted by Vespaziano v. Insana, the defendant is entitled to subrogation rights against claimant's 3rd-party settlement to the extent that its workmen's compensation lien exceeds the sum of $10,000.00, namely the sum of $54,791.62.

17. Defendant has elected not to assert any subrogation claim with respect to medical expenses paid out for claimant's treatment.

---

[4] An employer bears the burden of establishing its right to subrogation. *Helms Express v. Workmen's Compensation Appeal Board (Lemonds),* 106 Pa. Commonwealth Ct. 287, 525 A.2d 1269 (1987).

18. Although, the Vespaziano decision was rendered July 11, 1983 and the claimant's injury occurred on July 15, 1979, when the decisional law barred any subrogation rights in a third-party, 'No-fault' action; the Referee has determined that the provisions of the Vespaziano decision are retroactive in nature since this case was the first expression of the Supreme Court with respect to the 'No Fault' Act's effect on subrogation; and further that defendant did not waive any rights of subrogation and the instant case was still in litigation at the time of the Vespaziano Supreme Court decision.

19. Claimant's counsel fee and expenses in the third-party action amount to 42.5832% of his total 3rd party recovery, and defendant's workmen's compensation lien would be required to bear its share of these expenses amounting to $23,332.02 as against its lien of $54,791.62 for compensation already paid, leaving a net subrogable lien of $31,459.60.

20. Defendant is therefore entitled, with respect to past compensation paid, to reimbursement from claimant in the amount of $31,459.60 as of December 28, 1985.

21. With respect to future compensation payable to claimant for his continuing disability at the rate of $192.26 a week, claimant should only receive 42.5832% of this amount or $81.87 a week as reimbursement for his counsel fee and costs allocable thereto; and the defendant shall retain the balance of $110.39 a week toward its credit for subrogation against the claimant's balance of recovery in his third-party claim.

Based upon our thorough review of the record, we must conclude that the record before us is incomplete

regarding the issue of subrogation. The only evidence in the record related in any way to the issue of subrogation is a document dated March 12, 1983 and entitled "Distribution Statement". This "Distribution Statement" merely lists the litigation expenses incurred by Claimant or Claimant's attorney with respect to a cause of action brought by Claimant against Merz Highway Tours and David Hemphill. This document reveals that after deducting these litigation expenses the proceeds due Claimant in settlement of the aforementioned cause of action were $129,687.85.[5] This document by itself cannot serve as the sole basis for Employer's right to subrogation. The referee's findings regarding the issue of subrogation include information which clearly is not contained in the "Distribution Statement".

It is provided in Pa. R.A.P. 1951 in relevant part:

(a) Composition of the record. Where under the applicable law the questions raised by a petition for review may be determined by the court in whole or in part upon the record before the government unit, such record shall consist of:

(1) The order or other determination of the government unit sought to be reviewed.

(2) The findings or report on which such order or other determination is based.

(3) The pleadings, evidence and proceedings before the government unit.

(b) Omissions from or misstatements of the record below. If anything material to any party is omitted from the record or is misstated therein,

---

[5] We should also note that we are unable to determine from the record how this particular document came to be a part of the record. The only hearing transcript before us involves a hearing conducted on May 9, 1983. At this hearing, Claimant was the only witness to testify and no documents were introduced into evidence during the hearing.

the parties may at any time supply the omission or correct the misstatement by stipulation, or the court may at any time direct that the omission or misstatement be corrected and, if necessary, that a supplemental record be prepared and filed.

Therefore, the referee's findings must comply with Pa. R.A.P. 1951 and be based upon information contained in the record. For this reason, we must remand so that a more complete record can be made in this matter regarding the issue of subrogation.

Accordingly, the order of the Board denying Employer's modification petition is affirmed. However, the order of the Board awarding subrogation rights to Employer requires a remand for proceedings consistent with this opinion.

ORDER

AND NOW, this 18th day of November 1987, the order of the Workmen's Compensation Appeal Board is affirmed in part and remanded in part.

Jurisdiction relinquished.

Judge PALLADINO dissents.