585 A.2d 547

**BOROUGH OF NORRISTOWN, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (CURRIER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 28, 1990.

Decided Sept. 26, 1990.

Designated as Opinion to be Reported Jan. 9, 1991.

Jerry M. Lehocky, Duane, Morris & Heckscher, Philadelphia, for petitioner.

Brian R. Steiner, Philadelphia, for respondent.

Before DOYLE and BYER, JJ., and BARRY, Senior Judge.

## OPINION

BARRY, Senior Judge.

Petitioner, Borough of Norristown, the employer of Robert Currier (claimant), appeals an order of the Workman's Compensation Appeal Board (Board) dated February 26, 1990, which affirmed a referee's decision to deny the petitioner's request for subrogation from the proceeds of the claimant's third-party recovery.

On April 15, 1982, the claimant, while in the course and scope of his employment as a police officer for the Borough of Norristown, suffered disabling work injuries as a result of an automobile accident. The claimant was paid workman's compensation benefits pursuant to a notice of compensation payable dated July 7, 1982, from the date of his injury until February 15, 1983, when he returned to light-duty assignment with the petitioner. The claimant suffered a recurrence of his injuries on or about November 15, 1983, and was compelled to discontinue working once again. The petitioner and the claimant entered into a supplemental agreement dated March 9, 1984, the purpose of which was to reinstate the claimant's benefits. For reasons not set forth in the record, the supplemental agreement was not fully executed nor were the workmen's compensation payments paid. The claimant began receiving, in April of 1984, a separate disability pension to which he had contributed a portion of his salary.

On September 30, 1985, the claimant filed a claim petition seeking reinstatement of his workmen's compensation benefits. On April 30, 1987, the referee issued an interlocutory order reinstating the claimant's benefits as per the supplemental agreement. With the issue of claimant's entitlement

to workman's compensation benefits resolved, the referee recognized that the only remaining issues before him for resolution concerned the employer's claim to subrogation from the proceeds of the claimant's third-party recovery and its claim to credit from the claimant's receipt of disability pension. Although the referee found the petitioner to have no entitlement to either claim, a finding which was affirmed by the Board, the petitioner has appealed only the subrogation issue.

Thus, the issue before us is whether the referee erred in determining that the petitioner was not entitled to subrogation rights with respect to the claimant's third-party tort recovery. Our scope of review herein is limited to a determination of whether constitutional rights have been violated, an error of law has been committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986). An employer's right to subrogation is a question of law based upon findings of fact.

Section 319 of the Pennsylvania Workmen's Compensation Act, which sets forth an employer's subrogation rights, provides in pertinent part:

Where the compensable injury is caused in whole or in part by the act or omission of a third-party, the employer shall be subrogated to the right of the employe ... against such third-party to the extent of the compensation payable under this article by the employer ... Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employe ... and shall be treated as an advance payment by the employer on account of any future installments of compensation.

Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 671.

When a statute is unambiguous on its face, its clear meaning cannot be ignored to reach a desired result. 1

Pa.C.S. § 1921. The above-cited section of the Pennsylvania Workmen's Compensation Act clearly states that, "... the employer *shall* be subrogated to the right of the employee ... against such third party to the extent of the compensation payable...." *Winfree v. Philadelphia Electric Co.*, 520 Pa. 392, 554 A.2d 485, 487 (1989). (Emphasis added.) "The legislature could not have manifested more clearly its intent that the subrogation rights of the employer are absolute." *Id.* Hence, where a third party's negligent conduct results in injury to an employee while in the course of employment, and the employee recovers from such negligent party, there is a clear right to subrogation. *Id.*

In the instant case, it is uncontested that the injury to the claimant occurred in the scope of his employment with the petitioner and that the injury was due to the negligence of a third party. Moreover, both petitioner and respondent recognize the receipt of monies by the claimant through a settlement of the third-party tort suit. Additionally, evidence of record, namely the notice of compensation payable, the supplemental agreement, and the interlocutory Order, demonstrates the fact that workmen's compensation benefits were granted to and conferred upon the claimant. It appears to this Court, then, that the only evidence not in the record to firmly establish the amount of monies subrogable, to which the petitioner is indeed entitled, is the actual computation of figures to arrive at a final lien amount.[1]

1. The Dissent's reliance upon *Dale Manufacturing Co. v. Bressi*, 491 Pa. 493, 421 A.2d 653 (1980), is misplaced. In *Dale Manufacturing*, the claimant suffered an injury during the course of her employment with the appellant. The claimant underwent surgery to remove a disc ruptured as a result of the work related injury and was paid workmen's compensation benefits during this time. The claimant, however, did not recover as predicted and had to undergo a second operation during which her physician discovered that he had failed to remove a cottonoid pad from the wound during the initial surgery. Six months later the claimant filed an action in trespass alleging her doctor's negligence which ultimately resulted in a $30,000.00 settlement. The employer filed a Petition to Suspend Payments and to Determine Subrogation Rights, alleging that the physician's negligence aggravated the initial injury and therefore he was entitled to subrogation. The claimant maintained that her continuing disability was the

This Court was faced with an issue similar to the one at bar in *Atlantic & Gulf Stevedores, Inc. v. Workmen's Compensation Appeal Board*, 111 Pa.Commonwealth Ct. 146, 533 A.2d 515 (1987). There, the claimant appealed the award of subrogation rights to the employer, contending that the findings of the referee in granting subrogation rights were not supported by evidence of record because the only evidence submitted was that of a distribution statement. This Court held that although the findings of fact made by the referee were not supported by the record, the case should be remanded pursuant to Pa.R.A.P.1951 so that a more complete record could be made with respect to the issue of subrogation.

Pa.R.A.P.1951, entitled Record Below in Proceedings on Petition for Review, provides in relevant part:

(b) **Omissions From or Misstatements of the Record Below.** If anything material to any party is omitted from the record or is misstated therein, the parties may at any time supply the omission or correct the misstatement by stipulation, or the court may at any time direct that the omission or misstatement be corrected and, if necessary, that a supplemental record be prepared and filed.

■ In light of the above discussion, we hold that the referee's findings must comply with Pa.R.A.P.1951. We

result of the original injury. The court found that the third party's negligent conduct occurred subsequent to the original compensable injury and in order for the employer to establish a right of subrogation, he must show that he is compelled to make payments by reason of the negligence of the third party and the fund to which he seeks subrogation was for the same compensable injury for which he is liable under the Act. The only evidence proferred by the employer to establish his right to subrogation was the third party complaint. He offered no evidence, the court found, to show that the subsequent treatment necessitated by the forgotten cottonoid pad either aggravated the original injury or caused a new one. The court held that the Board was correct in determining that the employer failed to sustain his burden of proof. The case at bar presents only an original compensable injury. There is no intervening negligent act with which to deal as in *Dale Manufacturing*. The causal link which the court found to be unsubstantiated in *Dale Manufacturing* is not an issue in the case before us because the fact that the claimant's injury is compensable remains uncontroverted. The injury to the claimant here is undeniably the same injury for which he recovered in his third-party suit.

therefore remand so that a record complete with the appropriate calculations may be made. We believe this action to be necessary in order to preserve the employer's undeniable right to subrogation given the facts and circumstances of this case.

Accordingly, the order of the Board in affirming the referee's decision to deny subrogation rights to the petitioner is vacated and remanded for proceedings consistent with this opinion.

## ORDER

NOW, September 26, 1990, the order of the Workmen's Compensation Appeal Board, dated February 26, 1990, is vacated and remanded for further proceedings in accordance with the attached opinion.

Jurisdiction relinquished.

DOYLE, Judge, dissenting.

I respectfully dissent. Employer here completely failed in its burden to substantiate the information necessary for a finding as to what its subrogation interest was. It should not be given a second opportunity to prove its cause when nothing precluded it from presenting the appropriate relevant evidence in the initial proceeding. *Dale Manufacturing Co. v. Bressi*, 491 Pa. 493, 421 A.2d 653 (1980).

Accordingly, I would affirm the Board's order.