520 A.2d 531

City of Jeannette, Petitioner *v.* Workmen's Compensation Appeal Board (Gelder), Respondents.

Argued October 7, 1986, before President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Dennis N. Persin, Stewart, Belden, Herrington & Belden,* for petitioner.

*Robert Y. Cassol,* for respondent, Glenn S. Gelder.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., January 27, 1987:

The City of Jeannette appeals a Workmen's Compensation Appeal Board (Board) order affirming a referee's determination that Glenn S. Gelder, in receiving partial disability benefits, was entitled to a presumption of maximum wages under Section 601 of The Pennsylvania Workmen's Compensation Act (Act).[1] We reverse and remand.

The City of Jeannette employs six full-time salaried firemen and one full-time chief. Gelder, whose hand was injured at a training session, is one of approximately forty additional "call firemen" who are paid $3.25 an hour when and if he chooses to attend a fire or training session.[2] These call firemen receive no fringe benefits or pensions.

At issue is whether Gelder should be compensated at his part-time average weekly rate according to the provisions set forth in Section 309 of the Act, 77 P.S. §582(d),[3] or whether he is entitled to the higher wage presumption of a full-time weekly rate reserved for volunteer firemen in Section 601.

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* added by Section 15 of the Act of December 5, 1974, P.L. 782, *as amended,* 77 P.S. §1031(b). That section reads:

> (b) In all cases where an injury which is compensable under the terms of this act is received by an employe as defined in this section, there is an irrebuttable presumption that his wages shall be at least equal to the Statewide average weekly wage for the purpose of computing his compensation under sections 306 and 307.

[2] An alarm is installed in each call fireman's home. When the alarm sounds, Gelder has the option to accept or decline the call. In the event he does respond, he is compensated at the hourly rate for his time.

[3] This section sets out the method for determining compensation according to the average weekly wages of the employee.

The referee found that the sum of $3.25 per hour was not a valuable consideration for services rendered[4] but rather a gratuity. The Board also concluded that Gelder was a volunteer fireman and thus entitled to the maximum wage presumption.

Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed or any necessary finding of fact is not supported by substantial evidence. *Cox v. Workmen's Compensation Appeal Board,* 60 Pa. Commonwealth Ct. 59, 430 A.2d 1009 (1981).

The City of Jeannette contends that Gelder's receipt of remuneration for his services as a fireman endows him with employee and not volunteer status. Further, it maintains that Section 601 does not apply since Jeannette does not have a volunteer fire department.

Gelder counters that he is a volunteer because he did not look to firefighting as his primary means of livelihood.

Initially, to be entitled to the maximum wage presumption, Gelder must establish that he is a member of the class the legislature sought to protect in enacting Section 601. Section 601 states, in pertinent part:

(a) In addition to those persons included within the definition of the word 'employe' as defined in section 104, 'employee' shall also include:

(1) *members of volunteer fire departments* or *volunteer fire companies,* including any paid fireman who is a member of a *volunteer fire*

---

[4] Section 104 of the Act, 77 P.S. §22, defines employee as "[a]ll natural persons who perform services for another for a valuable consideration. . . ." In deciding that $3.25 was not a valuable consideration, the referee concluded that Gelder was not an employee and hence a volunteer.

*company* and performs the services of a volunteer fireman during off-duty hours. . . .
(Footnote omitted; emphasis added.)

Our review of the record discloses that Gelder is not a *member* of a volunteer fire *department*. There is no evidence that any chartered, non-profit volunteer fire department or volunteer fire company existed in the City of Jeannette. Therefore, Gelder is essentially a paid contract employee of a municipal fire department.[5]

We hold that, as a paid fireman, Gelder must be classified as an employee within the scope of the Act and his wages must be determined under the provisions set forth in Section 309, 77 P.S. §582(d).

The Board decision is reversed and this case is remanded to the Board for computation of benefits consistent with this opinion.

ORDER

The Workmen's Compensation Appeal Board order, No. A-86887 dated December 27, 1984, is reversed and this case is remanded to the Board for computation of benefits consistent with this opinion.

Jurisdiction relinquished.

---

[5] Until Jeannette establishes a separate volunteer company for the forty call firemen, they will not be protected by the provisions of the Act which relate solely to volunteer firemen. However, we note that Gelder's medical bills were paid by the city.