520 A.2d 533

City of Jeannette, Petitioner *v.* Workmen's Compensation Appeal Board (DiBridge), Respondents.

Argued October 7, 1986, before President Judge CRUMLISH, JR., and Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Dennis N. Persin, Stewart, Belden, Herrington &
Belden,* for petitioner.

*Morrison F. Lewis, Jr.,* for respondent, Ralph Di-
Bridge.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., January
28, 1987:

The City of Jeannette appeals a Workmen's Com-
pensation Appeal Board (Board) order affirming a
referee's determination that Ralph DiBridge, in receiv-
ing partial disability benefits, was entitled to a
presumption of maximum wages under Section 601 of
The Pennsylvania Workmen's Compensation Act (Act).[1]
We reverse and remand.

The City of Jeannette employs six full-time salaried
firemen and one full-time chief. DiBridge, who suffered
a coronary while dragging a firehose, is one of approxi-
mately forty additional "call firemen" who are paid
$3.25 an hour when and if he chooses to attend a fire or
training session.

DiBridge works in the same firehouse as Glenn S.
Gelder and contends, like Gelder, that he is a volunteer
fireman. *City of Jeannette v. Workmen's Compensation*

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* added by Section
15 of the Act of December 5, 1974, P.L. 782, *as amended,* 77 P.S.
§1031(b). That section reads:

  (b)  In all cases where an injury which is compensable
  under the terms of this act is received by an employe as
  defined in this section, there is an irrebuttable presump-
  tion that his wages shall be at least equal to the Statewide
  average weekly wage for the purpose of computing his
  compensation under sections 306 and 307.

*Appeal Board (Gelder)*, 103 Pa. Commonwealth Ct. 334, 520 A.2d 531 (1987).

For the reasons stated in that companion case, we hold that DiBridge is a paid fireman and must be classified an employee within the scope of the Act. Thus, his wages must be determined under the provisions set forth in Section 309, 77 P.S. §582(d).[2]

The Board decision is reversed and this case is remanded to the Board for computation of benefits consistent with this opinion.

## ORDER

The Workmen's Compensation Appeal Board order, No. A-88091 dated July 30, 1985, is reversed and this case is remanded to the Board for computation of benefits consistent with this opinion.

Jurisdiction relinquished.

## ORDER

Now, April 10, 1987, having previously granted reconsideration, we hereby reaffirm our prior opinion and Order filed January 28, 1987.

---

[2] This section sets out the method for determining compensation according to the average weekly wages of the employee.